HENRY P. BOOTH and HARRIETTE E. DODGE, Appellants, *v.* THEO-DORE A. DODGE, as Trustee under the Agreement Creating the TILLINGHAST TIRE ASSOCIATION, and Others, Respondents.

*Association — conspiracy to sell its own stock held by it, with a view to transferring, its assets to a corporation — its right to purchase its own stock — when it operates to reduce the capital stock — what allegations do not charge fraud in fact.*

Where the legal title to the assets and the property of a joint-stock association is vested in the president of the association as trustee thereof, and the trustee, in contravention of the declaration of trust, surreptitiously transfers to a third person stock of the association which has been surrendered to it in payment of an indebtedness, thus obtaining control of a majority of the stock of the association, and avails himself of such control to transfer the property and assets of the joint-stock association to a corporation organized by him and others for the very purpose of obtaining such control, the minority stockholders are entitled to an accounting from the trustee.

A joint-stock association may, in the absence of a statutory prohibition, purchase its own stock, and the question whether such a purchase operates as a reduction of its capital stock is one of intention.

An allegation that such a purchase effected a cancellation of the stock purchased is a conclusion of law which is not admitted by a demurrer.

An allegation that the president of the association, and other persons confederating, conspiring and colluding together for the purpose of obtaining control

.of the association and of turning it over to a corporation to be controlled by them, sold the stock purchased by the association to a certain person upon the pretense that the sale was made "to provide money essential to carry on the business of the association," and that, "in furtherance of their illegal and covinous scheme," the president of the association, acting in concert with such other persons; transferred all of the assets of the association to the corporation, is not sufficient to charge fraud in fact.

APPEAL by the plaintiffs, Henry P. Booth and another, from an interlocutory judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 29th day of January, 1901, upon the decision of the court rendered after a trial at the New York Special Term sustaining the several demurrers of the defendants to the complaint.

*L. J. Morrison,* for the appellants.

*Joseph Kling,* for the respondents Brown and another.

*Edwards H. Childs,* for the respondent Dodge.

O'BRIEN, J.:

In this action the plaintiffs, as minority shareholders in the Tillinghast Tire Association, complain of certain acts of that association which they claim are illegal and in violation of their rights. This association is a joint stock company which came into being under a declaration of trust made by Theodore A. Dodge, one of the defendants. It appears that he was the owner of certain patents in which other persons also were beneficially interested. In order to carry on business with the patents and to have an organization for that purpose, as well as to define and secure the rights of all, the declaration of trust was made by Dodge as trustee, and the Tillinghast Tire Association was formed with Dodge as president. In the declaration of trust it was provided that the legal title to the patents and to all the property which the association might have, should be in the trustee in trust for the association and that the latter should be the equitable owner of the property. The association issued 4,000 shares of stock, of which ninety per cent was divided among the then members of the association according to their respective interests, and the remaining ten per cent it was agreed should be held as treasury shares. The plaintiffs are and were at all times

mentioned in the complaint, the owners of 522 shares of the capital stock of the association.

The complaint alleges that the Single Tube Automobile Bicycle Tire Company was organized under the laws of New Jersey by the defendant Dodge and others for the purpose of gaining control of the assets and property of the Tillinghast Tire Association; that a Boston company owned 450 shares of the Tillinghast Association, and, being unable to meet its obligations to that association, surrendered to it the 450 shares in discharge of its indebtedness; that these shares so surrendered were surreptitiously sold to the defendant Brown in contravention of the declaration of trust made by Dodge; that, with these 450 shares of stock reissued to Brown, Dodge obtained the control of a legal majority of the capital stock of the Tillinghast association, and, availing himself of this control, transferred the property and assets of the association to the New Jersey corporation; that this latter company has a nominal capital of $1,000,000 and had no property or assets of any kind at the time of its organization nor has it since had except such as was obtained by the acquisition of the assets and property of the Tillinghast Tire Association so transferred to it. Further, it is alleged that of the $1,000,000 of stock of the New Jersey company an improper disposition was made, and $150,000 of stock thereof was transferred and delivered to persons unknown to plaintiffs.

Without referring more at length to the allegations of this voluminous complaint, we think that enough has been stated to show that the plaintiffs, as against Dodge, who was their trustee, are entitled to an accounting. Such allegations, if true, show that he violated his trust in transferring trust property in the manner and for the consideration set forth to a corporation in which he had become interested as a stockholder, and which he and others had organized for the very purpose of gaining control of the assets and property of the Tillinghast Association, the legal title to which was given to him in trust, and in which assets and property the plaintiffs had an equitable or beneficial interest to the extent of the shares which they held in that association. We think, therefore, that the complaint states facts sufficient to show that the plaintiffs are beneficiaries under the trust agreement, by virtue of which Dodge became

trustee; and that with respect to his management of the trust and the trust property — practically upon allegations that he has illegally transferred such property to another corporation which he together with others had formed and in which he was interested — they are entitled to an accounting from him for which, among their other prayers for relief, they asked.

With respect to the demurrers interposed by the other defendants which were sustained by the interlocutory judgment, we think it is unnecessary for us to add to the opinion of the learned judge at Special Term,* our conclusion as to them being that the judgment

---

* The following is the opinion of the Special Term:

LAWRENCE, J.:

Three separate demurrers have been interposed to the complaint in this action, one by the defendant Theodore A. Dodge, as trustee and president of the Tillinghast Tire Association; another by the Single Tube Automobile and Bicycle Tire Company, and a third by the defendant Cyrus P. Brown. All of the demurrants demur on the ground that the complaint does not state facts sufficient to constitute a cause of action; that several causes of action have been improperly united, and that there has been a misjoinder of parties plaintiff because all the shareholders of the Tillinghast Tire Association have not been made parties plaintiff. The Single Tube Automobile and Bicycle Tire Company also demurs on the ground that the court has no jurisdiction, but this ground has not been insisted on in the briefs submitted. If the 450 shares which were turned over by the Boston Woven Hose and Rubber Company to the Tillinghast Tire Association are to be regarded as treasury shares, a sufficient cause of action may be stated in the complaint. In the declaration of trust executed by Theodore A. Dodge it is provided that the said association shall be the equitable owner of all the patents and property aforesaid and of the beneficial results and products of said property and business before named held in trust by me, which shall be, and by the agreement of all the parties in interest hereby are, divided into 4,000 shares, which shall be known as of the par value of $100 each, of which 4,000 shares ten per centum, or 400 shares, shall be kept in the hands of the trustee as treasury shares, and the rest, viz., 3,600 shares, shall be divided among the members constituting said association at the present date, according to their several and respective interests, as the same may appear. "The treasury shares shall be retained by the trustee until the executive committee shall decide to sell the same, and they shall be sold only to provide money essential to carry on the business of the association. They shall then be sold to the highest bidder twenty days after notices shall have been mailed to all the shareholders that such shares or a part of them are to be thus sold and asking for bids thereon. Certificates showing how many of said shares he is entitled to shall be issued to each member of said association, which certificates, and the interest they represent, shall be transferable by assignment in writing upon the certificate and surrender of the same to the trustee; whereupon he shall

should be affirmed with costs to such defendants. As to the defendant Dodge, as trustee, however, we think that the judgment should be reversed, with costs to the appellants, but with leave to him to withdraw his demurrer and answer upon payment of costs in this court and in the court below.

Van Brunt, P. J., Ingraham and McLaughlin, JJ., concurred.

issue a new certificate or certificates according to the interests of the parties. The trustee shall keep a record of all certificates issued and of all certificates surrendered, which shall be at all times open to the inspection of any member of the association; and none but those appearing in the record to be the holders of certificates shall be entitled to dividends or to vote at any meeting of the shareholders." Under the terms of that declaration there were, therefore, but 400 treasury shares, and it is only as to the sale of treasury shares as such that the provisions of the 3d article of the declaration above quoted apply. It is not alleged in the complaint that the 450 shares which were paid in by the Boston Woven Hose and Rubber Company to the Tillinghast Tire Association in payment of the indebtedness of the former to the latter company thereby became treasury shares within the meaning of that term as used in the declaration of trust, nor could they have been part of the original 400 shares which were reserved for the treasury out of the total 4,000 shares. It is alleged in the complaint that the transaction between the two companies worked a cancellation of the 450 shares which were transferred, and that thereby the capital stock of the Tillinghast Tire Association became reduced to the extent of $45,000. There is no direct allegation that such was the intention in point of fact, and the statement is, therefore, a mere conclusion that such was the legal effect of the transaction. It has been held by the Court of Appeals that in the absence of a prohibition by statute a corporation may purchase its own stock, hold it unextinguished and reissue it, and that it is simply a question of intention whether such a purchase operates to diminish the capital; that it may have that effect at the option of the corporation, and an inference that such effect is intended may be drawn from circumstances. (*City Bank of Columbus* v. *Bruce,* 17 N. Y. 507.) There seems to be no reason why the same principle should not obtain in the case of a joint stock association. (*People ex rel. Platt* v. *Wemple,* 117 N. Y. 147.) It is not averred in the complaint that the Tillinghast Association in receiving the 450 shares from the Boston company intended thereby to reduce its capital shares by deducting that number from the 3,600 shares, which, under the terms of the declaration, were to be divided among the members of the association and kept distinct from the 400 shares retained as treasury shares. In the absence of such an allegation, and in the absence of an allegation that such was the intention of the executive committee, to whose general management and direction the business of the association was committed, it cannot fairly be assumed that such a reduction in the working shares of the association was intended. (See declaration, ¶¶ 4, 5.)

As to defendant Dodge, as trustee, judgment reversed, with costs to appellants, but with leave to defendant Dodge to withdraw demurrer and answer on payment of costs in this court and in the court below. As to the other defendants, judgment affirmed, with costs.

---

The averment in the complaint that the effect of the transaction between the two companies was to cause a cancellation of the shares is, as already stated, a conclusion of law, not a statement of fact, and cannot be so regarded in disposing of this case. Fraud, of course, upsets everything, but in order to effect that result a complaint by which it is sought to set aside transactions as fraudulent must allege the facts which it is claimed constitute the fraud and not mere conclusions. In this complaint it is alleged that the defendant Dodge and the said other persons unknown to the plaintiff, confederating, conspiring and colluding together for the purpose of controlling and using the patent rights of the said Tillinghast Tire Association, and to turn it over to a corporation to be practically controlled by them, did first cause the defendant Dodge to sell the 450 shares turned in by the Boston Woven Hose and Rubber Company to the said George P. Brown upon the pretense that the sale of said shares "was to provide money essential for carrying on the business of the association, and that by means of this pretended and illegal sale the said defendant Dodge and the other persons unknown to plaintiff* did illegally claim and maintain that they and their associates were the holders of a majority of the shares of the said Tillinghast Tire Association, and thereupon and in furtherance of their illegal and covinous scheme the said defendant Dodge, acting in concert with the said other persons unknown to plaintiffs, did transfer all the assets and business of the Tillinghast Tire Association to the defendant The Single Tube Automobile and Bicycle Tire Company, a foreign corporation, created by and existing under the laws of the State of New Jersey." These allegations are not sufficient to charge fraud in fact under the authorities. In *Butler* v. *Viele* (44 Barb. 166, 169), which was an action brought to set aside and have declared void a deed, the court says (at p. 169) : "The general allegation in the complaint that the grantee procured the deed by 'false and fraudulent representations and practices and by undue and improper influences' is insufficient without stating the nature of the alleged representations and practices or influences. The burden of charging as well as proving fraud is on the party alleging it, and while it is not necessary or proper that he should spread out in his pleading the evidence on which he relies, he must aver fully and explicitly the facts constituting the alleged fraud. Mere conclusions will not avail." In *Cohn* v. *Goldman* (76 N. Y. 284) the plaintiffs' complaint alleged that defendants "in concert did by connivance, conspiracy and combination cheat and defraud the plaintiffs out of" certain goods of a value specified. It was held that the complaint did not state facts sufficient to constitute a cause of action. In *Wood* v. *Amory* (105 N. Y. 278) it was held that mere general allegations of fraud or

---

\* *Sic.*

---

conspiracy are of no value as stating a cause of action. In *New York & Mount
Vernon Transportation Co.* v. *Tyroler* (25 App. Div. 161), which was an action
brought by a corporation and a director and stockholder thereof to set aside
a judgment obtained against the corporation by default upon a claim of one of
the defendants for his salary as an officer of the corporation, and to enjoin the
enforcement of the judgment, a complaint alleging that the claim was "wholly
fictitious, invalid and fraudulent to the knowledge of" the defendants who were
colluding to have the property of the corporation sold under the judgment that
they might buy it in at the sale and injure or destroy the business of the corpo-
ration; that the court did not obtain jurisdiction over the person of the corpora-
tion, and that the judgment was wholly collusive, fraudulent and void, is insuf-
ficient to warrant the granting of an injunction restraining the sale *pendente lite,*
as the allegations are no more than legal conclusions instead of statements of
facts constituting the alleged fraud. (See, also, *Knapp* v. *City of Brooklyn,* 97
N. Y. 523.) Furthermore, it does not appear that Brown was in any way con-
nected with the alleged illegal acts of Dodge and the parties unknown to the
plaintiff who are alleged to have confederated and conspired together, and it may
be added that, if the sale to Brown was not illegal, the fact that it was used to
obtain a majority of the stockholders in favor of the sale does not render it illegal
or void. (*State ex rel. Page* v. *Smith,* 48 Vt. 266.) If these views are correct, it
follows that the complaint does not state facts sufficient to constitute a cause of
action, and it is, therefore, unnecessary to discuss the other grounds of demurrer.
Judgment will, therefore, be rendered for the defendants upon the demurrers,
with costs, with leave to the plaintiffs to amend their complaint, if so advised,
upon payment of costs. Draw decision and judgment accordingly and settle on
notice.