### RIDDLE v. BANK OF MONTREAL et al.

(Supreme Court, Appellate Division, First Department.   June 2, 1911.)

1. BILLS AND NOTES (§ 15*)—BILL OF EXCHANGE.
    A bill of exchange drawn on a bank, and payable on demand, as, under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 26, it is when mentioning no specific date of payment, is by express provision of section 321 a check.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 20, 21; Dec. Dig. § 15.*]

2. PLEADING (§ 34*)—EFFECT OF OMISSION TO MAKE ALLEGATION.
    It not being alleged in the complaint predicated on defendant's judgment on a bill of exchange being void for want of jurisdiction that the bill of exchange specified a day of payment, it must be assumed against plaintiff that it was payable on demand.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 66; Dec. Dig. § 34.*]

3. COURTS (§ 6*)—JURISDICTION.
    Payment of a bill of exchange, payable on demand, and drawn on a New York bank, having been refused when presented, a cause of action arose in the state in favor of the payee against the drawer, though both

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of them were foreign corporations, and the bill of exchange was made, and delivered outside the state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 13, 15, 17, 22–31; Dec. Dig. § 6.*]

4. PLEADING (§ 8*)—CONCLUSION—FRAUD.
One alleging and seeking relief on the ground of fraud must plead the facts constituting it. A mere conclusion is not enough.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 28½; Dec. Dig. § 8;* Fraud, Cent. Dig. § 37.]

5. FRAUDULENT CONVEYANCES (§ 29*)—PREFERENCES—JUDGMENT.
A judgment obtained on a valid debt against an insolvent is not a fraud on the other creditors; a creditor being entitled, though the debtor be insolvent, to the preference acquired in the ordinary course of legal procedure.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Dec. Dig. § 29.*]

6. FRAUDULENT CONVEYANCES (§ 29*)—PREFERENCES—JUDGMENT.
That one who obtained a judgment on a valid debt against an insolvent bank had agreed with it that the money obtained on the execution might be used by it in bringing about a reorganization is no ground for avoiding such judgment and execution as against another creditor of the bank.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 72–76; Dec. Dig. § 29.*]

7. PLEADING (§ 8*)—CONCLUSION.
The mere assertion in a complaint that counterclaims existed which could have been set up in a certain action without a statement of facts showing any counterclaim existed is merely a conclusion of law.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

8. SET-OFF AND COUNTERCLAIM (§ 34*)—ACTION ON CHECK.
A counterclaim, which may be set up in an action on contract, being, under Code Civ. Proc. § 501, any other cause of action on contract, it would not constitute a counterclaim, in an action by the payee of a check against the drawer bottomed on its nonpayment on presentment, that plaintiff had wrongfully taken and appropriated securities of defendant.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 56, 57; Dec. Dig. § 34.*]

9. SHERIFFS AND CONSTABLES (§ 125*)—FAILURE TO MAKE LEVY—REMEDY.
Even if the sheriff was not bound to levy under attachments in the order in which they were received, but was bound to levy under plaintiff's attachment before he did under that of another which he had received earlier, plaintiff's remedy for the sheriff's first levying under the other would not be in equity, but by motion to compel the sheriff to do his duty.

[Ed. Note.—For other cases, see Sheriffs and Constables, Dec. Dig. § 125.*]

Appeal from Special Term, New York County.

Suit by Maxwell Riddle against the Bank of Montreal and the United States Banking Company, impleaded with others. From an interlocutory judgment overruling demurrers to the complaint, said two defendants appeal. Reversed and demurrers sustained, with leave to amend complaint.

See, also, 139 App. Div. 906, 123 N. Y. Supp. 1105.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John A. Garver, for appellants.
Frederick Seymour, for respondent.

McLAUGHLIN, J.   The defendants, Bank of Montreal and United States Banking Company, separately demurred to the complaint upon the grounds (1) that the court did not have jurisdiction of the subject-matter of the action; and (2) that the complaint did not state facts sufficient to constitute a cause of action.   The demurrers were overruled, and each appeals.

The complaint, in substance, charges that on the 8th of July, 1910, plaintiff recovered two judgments against the United States Banking Company, amounting to between $47,000 and $48,000, and on the following day executions were issued thereon to the sheriff of the county of New York and the same are still outstanding; that on April 13, 1910, the Bank of Montreal entered a judgment by default against the United States Banking Company for $215,000, and on the same day issued an exception thereon to the sheriff in an action in which the summons was personally served on the defendant, and in which an attachment was issued on the 14th of February, 1910; that under the attachment issued in that action the sheriff levied upon a debt of $208,000 owing to the United States Banking Company, and, when this plaintiff's warrant of attachment was issued, the sheriff had in his possession the proceeds of the debt; that under the plaintiff's writs of attachment, and after the issuance of execution by the Bank of Montreal upon its judgment, the sheriff levied upon and collected another debt owing to the United States Banking Company in the sum of $19,000, which he refused to apply towards the payment of plaintiff's judgments because the same were claimed by the Bank of Montreal; that the attachment, judgment, and execution of the Bank of Montreal are void and of no effect, and were made, issued, and filed with the intent and for the purpose of hindering, delaying, and defrauding the creditors of the defendant the United States Banking Company, which intent was participated in by the Bank of Montreal; that the court acquired no jurisdiction in that action to issue the attachment; that the judgment and execution were void for want of jurisdiction because both the plaintiff and defendant were foreign corporations, and the action was not brought to recover damages for the breach of a contract made within the state of New York or relating to property situate within the state at the time of the making thereof, but that the same was brought upon a bill of exchange made and delivered outside of the state, where the cause of action arose; that the Bank of Montreal wrongfully insists that its attachment, judgment, and execution are valid, and constitute a prior lien upon the funds referred to; that, for that reason, the sheriff has refused to pay plaintiff's execution out of the property in his hands, and threatens to apply the whole thereof to the payment of the judgment of the Bank of Montreal; that the attachment, judgment, and execution constitute an equitable obstruction to the enforcement of plaintiff's executions; and that the United States Banking Company has failed to take any steps to vacate or annul the same of record, but by collusion and agreement with the Bank of Montreal is con-

spiring to have the same sustained and such money applied to the payment of the claim of the Bank of Montreal in pursuance of an agreement by which the money now held by the sheriff shall be used and applied for the benefit of the United States Banking Company in procuring its reorganization. Then follow allegations to the effect that the Bank of Montreal took possession of certain securities of the United States Banking Company which it still retains and has in its possession, or has disposed of for its own account; that by reason of that fact there existed in favor of the United States Banking Company against the Bank of Montreal, at the time the latter procured its attachment, brought its action and entered judgment, various counterclaims which, by reason of the arrangement and agreement before stated, were not interposed or pleaded. The judgment demanded, among other relief, is that the attachment, judgment, and execution of the Bank of Montreal be declared void, and that this plaintiff be decreed to have a prior lien upon all the funds now held by the sheriff.

[1] I am of the opinion the demurrers should have been sustained, for the reason that the complaint does not state facts sufficient to constitute a cause of action. The cause of action attempted to be set out is mainly predicated upon the fact that the court did not have jurisdiction of the subject-matter of the action brought by the Bank of Montreal against the United States Banking Company. The court had jurisdiction because the instrument sued on was that kind of a bill of exchange which is drawn on a bank and if payable on demand was a check. Negotiable Instruments Law, § 321. It was payable on demand unless there was a specific date of payment mentioned. Id. § 26.

[2] It is not alleged in the complaint that there was a specific date of payment, and therefore it must be assumed it was payable on demand.

[3] It was drawn on a New York bank. It was not paid when presented. When payment was refused, a cause of action arose in the state of New York in favor of the Bank of Montreal against the drawer, the United States Banking Company. Hibernia National Bank v. Lacombe, 84 N. Y. 367, 38 Am. Rep. 518; Amsinck v. Rogers, 189 N. Y. 252, 82 N. E. 134, 12 L. R. A. (N. S.) 875, 121 Am. St. Rep. 858; Bank of Montreal v. United States Banking Co., 139 App. Div. 906, 123 N. Y. Supp. 1105.

[4] The other ground upon which it is claimed the plaintiff is entitled to the relief asked is that the attachment, judgment, and execution thereon in the action by the Bank of Montreal v. United States Banking Co. constituted a fraud upon this plaintiff's rights as a creditor. It is alleged that:

"All such proceedings and papers are void and of no effect and were made, issued and filed as aforesaid with the intent and for the purpose of hindering, delaying and defrauding the creditors of the defendant, the United States Banking Company, which intent was participated in by the defendant Bank of Montreal."

This allegation is a mere conclusion of the pleader. No facts are stated from which the court can see that any fraud was committed.

In Eppley v. Kennedy, 131 App. Div. 1, 115 N. Y. Supp. 360, this court said:

"The burden of charging, as well as proving fraud, is on the party alleging it and facts constituting the alleged fraud must be set forth in order to entitle a party to introduce evidence of it. Mere conclusions of law are not enough."

And to the same effect are Wood v. Amory, 105 N. Y. 278, 11 N. E. 636; Cohn v. Goldman, 76 N. Y. 284; Booth v. Dodge, 60 App. Div. 23, 69 N. Y. Supp. 673.

[5] Not a single fact is set forth which shows, or tends to show, or from which it can even be inferred, that the plaintiff or other creditors of the United States Banking Company were hindered, delayed, or defrauded; on the contrary, the only inference that can be drawn from the facts pleaded is that the check upon which the Bank of Montreal obtained its judgment was given for full consideration. If this be so, then the judgment which it obtained thereon and its payment could not operate to defraud creditors any more than the payment of any just debt. Beards v. Wheeler, 76 N. Y. 213; Wood v. Amory, supra. The fact that the Bank of Montreal enforced its legal rights and obtained a judgment upon a debt justly due could not defraud any one. A creditor is entitled, even though the debtor be insolvent, to the preference acquired in the ordinary course of legal procedure. Lopez v. Campbell, 163 N. Y. 340, 57 N. E. 501. The plaintiff seems to recognize this rule, because it is trying to do precisely what the Bank of Montreal did—get a preference.

[6] The allegation to the effect that the Bank of Montreal and the United States Banking Company had previously agreed that the money paid by the former might be used by the latter in bringing about a reorganization is immaterial. If the money obtained were used for that purpose, it would tend, at least to the amount of it, to make the Banking Company solvent, which would be to the interest of all its creditors.

[7] The ground upon which the court overruled the demurrers, as appears from the opinion delivered, was the failure of the Banking Company to set up certain counterclaims which could have been interposed in the action against it by the Bank of Montreal. No facts are stated showing that there then existed any counterclaim. The assertion that one existed is a conclusion of law, and nothing else. It is true the complaint alleges in this connection that in January, 1910, there was a run upon the United States Banking Company by its depositors; that the Bank of Montreal went into possession of the bank, and took control of its assets, posted a notice upon the doors that it would pay all of the depositors; that it subsequently refused to do so, and thereupon the bank was closed and the depositors have not been paid; that at the time the Bank of Montreal took possession of the assets the Banking Company was insolvent and unable to pay its obligations; that, notwithstanding that fact, the Bank of Montreal took possession, dissipated, and paid out all of the cash and easily convertible assets, and then surrendered possession; and that, when it did so, took large blocks of securities of the Banking Company, which it still retains or has disposed of for its own account. It is

not alleged that whatever the Bank of Montreal did was without the consent of the Banking Company, or that the money paid out was not for its benefit or the benefit of its creditors, and the same is true as to the securities.

[8] If the securities were wrongfully taken and appropriated, that would not have constituted a counterclaim in the action by the Bank of Montreal. Code Civ. Proc. § 501.

[9] Finally, it is claimed that, irrespective of the questions considered, the complaint states a cause of action as to the $19,000. What the complaint alleges as to this fund is that the sheriff received warrants of attachment in the actions commenced by the plaintiff and levied upon this fund, which he refuses to pay over because the Bank of Montreal has notified him it has a lien or claim thereon; that the Bank of Montreal has no lien upon this fund, nor has any levy been made thereon. The complaint, however, shows the issuing of the attachment by the Bank of Montreal prior to the plaintiff's attachments and it would seem that the sheriff was therefore bound to levy in the order in which the attachments were received. Sections 697, 1406, Code Civ. Proc. But if it be assumed that the sheriff was not bound to do this, but on the other hand was obliged to levy under the plaintiff's attachments, then the remedy of the plaintiff is not in equity, but by motion to compel the sheriff to do his duty.

My conclusion, therefore, is that the interlocutory judgment appealed from should be reversed, with costs, and the demurrers sustained, with costs, with leave to serve an amended complaint upon payment of costs. All concur.