Owen McGivern, J.
The defendant bank moves pursuant to section 948 of the Civil Practice Act to set aside a warrant of attachment procured by plaintiff upon property of the defendant, a foreign corporation organized and existing under the laws of Cuba. It is urged that the papers upon which attachment was granted were insufficient to confer jurisdiction on this court in that they allegedly fail to show that this action is one which may be maintained by a nonresident against a foreign corporation, in that they allegedly fail to show a cause of action in favor of plaintiff, and further that the defendant is not subject to our jurisdiction.
It appears that plaintiff, the wife of the former Mayor of Guanabocoa, Cuba, because of political unrest and as a protection for her family, was desirous of converting pesos into United States dollars, to be delivered to her in New York; that to-accomplish such purpose she senjt her mother to the branch office of the defendant in Guanabocoa to purchase for her American dollars, for delivery in the United States; the mother, it appears, paid sufficient pesos in cash to permit the delivery to plaintiff in New York of $132,000, at the same time paying to the bank the equivalent of approximately $3,000 for its services, also a 2% export tax and other incidental charges. Thereupon, the defendant issued its draft payable to the plaintiff’s order upon the Colonial Trust Company in New York and delivered it, in duplicate, to plaintiff’s mother. The draft was dated December 30, 1958 and stated on its face 1 ‘ -This draft must be presented for payment within three months of date hereof.”
Two days after the visit of the plaintiff’s mother to the bank, President Batista resigned and fled from Cuba, the Castro forces marched upon Havana, the plaintiff’s husband took refuge in the Brazilian Embassy and the plaintiff was arrested. On April 5,1959 she was released, following which she left with her mother and child for Miami, where she was ultimately reunited with her husband on May 11,1959.
On or about April 10, 1959 the plaintiff, through the Pan-American Bank of Miami, presented the draft at the Colonial Trust Company in New York. This was about 10 days after the three-month period stated on the face of the draft. The Colonial Trust Company did not act upon the matter immediately, but requesting instructions from defendant, was directed not to honor the draft.
In the view of this court, it is immaterial whether plaintiff now claims on the basis of the underlying debt, or upon the mitten instrument, since plaintiff has pleaded and shown sufficient facts to support either theory. And whether viewed *876 as a contract for the delivery of United States dollars in New York or as an action upon the draft, the canse of action arose within this State. In either case, the place of performance of the defendant’s obligations was New York. And the refusal to pay plaintiff in New York gave rise to a cause of action in favor of plaintiff against defendant (Tandoc v. Luckenbach S. S. Co., 5 A D 2d 857, 858; Matter of De Montale, 199 Misc. 711, 714-715; Riddle v. Bank of Montreal, 145 App. Div. 207). In the latter case, involving two foreign corporations, the court held that the New York court had jurisdiction over an action on a draft drawn on a New York bank, saying (145 App. Div. 211): “ It was drawn on a New York bank. It was not paid when presented. When payment was refused, a cause of action arose in the State of New York in favor of the Bank of Montreal against the drawer, the United States Banking Company ”. In Tandoc v. Luckenbach S. S. Co. (supra) the court said (p. 858): “ A cause of action arises when and where the breach occurs, even though the place of contracting be elsewhere.” Further, subdivision 3 of section 225 of the General Corporation Law permits an action by a nonresident against a foreign corporation where the cause of action arose within this State.
The defendant asserts that the plaintiff’s failure to present the draft for payment within the three-month period is fatal to plaintiff’s case. The law in this State however, is clear that the defendant may not escape liability, either on the draft or the underlying debt, by reason of delay in presenting the draft, unless the defendant shows that the delay caused loss to the drawer; and it does not appear herein that any loss has eventuated. (Negotiable Instruments Law, § 322; Farrell v. City of New York, 197 Misc. 1059; Matter of De Montale, supra.) Furthermore, presentment for payment is not required in order to charge one who, like defendant here, was primarily liable on the instrument (Dunning v. Dunning, 300 N. Y. 341, 344; Negotiable Instruments Law, § 130). Nor was notice of dishonor required to be given in view of the defendant’s instruction to Colonial Trust Company not to authorize the payment of the draft (Negotiable Instruments Law, § 185, subd. 5).
The motion to vacate the attachment and to set aside the service of the summons and complaint is denied.