Owen McGivern, J.
This is an application, in the name of the Ambassador of the Czechoslovak Socialist Republic to the United States, on behalf of the present regime in Cuba. The purpose is to permit the Ambassador to appear specially solely to assert a plea of sovereign immunity on behalf of Cuba and the Banco Nacional de Cuba, an agent and instrumentality of that country’s present regime.
The subject matter is a certain fund of $155,000 under attachment in this action, held by the Sheriff of the City of New York pending the determination of this action. The trial herein began on November 13,1961 and was concluded on November 15, 1961. This application is made after the conclusion thereof. The court has decided after trial that plaintiff is entitled to the relief requested in the complaint. Its opinion with respect thereto is being filed simultaneously herewith (33 Misc 2d 285).
This application would nullify such decision since it seeks under the plea of sovereign immunity to vacate the warrant of attachment, releasing the attached fund to the Banco Nacional de Cuba and enjoining any execution against said fund, on the ground that it is the property of the Cuban government.
Appearing specially, defendant Industrial, still a private banking corporation, moved to vacate the warrant of attachment and the levy thereunder, and to set aside the summons and complaint. That motion was denied (22 Misc 2d 874) and unani *284 mously affirmed on appeal (10 A D 2d 624) and subsequently unanimously affirmed by the Court of Appeals (9 N Y 2d 623).
Meanwhile, defendant Industrial had permitted the entry of a default judgment on December 11, 1959 for $137,444.90. In February, 1961, it moved to set it aside and for leave to answer and defend upon the merits. Simultaneously Banco Nacional de Cuba moved for leave to intervene as a party defendant or to be substituted in the place of Industrial as a party defendant, and to open the default judgment, and to permit it to plead upon the merits. These motions were denied at Special Term but reversed on appeal (13 A D 2d 770) and Banco Nacional appeared in the action.
It appears that on October 13, 1960, defendant Industrial was dissolved, pursuant to article IY of Law Decree 891 of the present Cuban regime. Under article III of said law, Banco Nacional was declared the legal successor, surrogate in the place of and stead of defendant Industrial, with respect to its property rights and shares of stock, and all of the assets and liabilities of Industrial were transferred to Banco Nacional.
The State Department of the United States has not filed any suggestion that sovereign immunity be considered in this action. Its failure or refusal to suggest such immunity is accorded significant weight (National Bank v. Republic of China, 348 U. S. 356, 360).
The court has decided that Law Decree 891 is confiscatory in nature, ineffectual to deprive plaintiff of her property, and is in violation of the public policies of the State of New York.
“We give or deny the effect of law to decrees or acts of a foreign governmental establishment in accordance with our own public policy; we open or close our courts to foreign corporations according to our public policy, and in determining our public policy in these matters common sense and justice must be consideration of weight.” (Russian Reinsurance Co. v. Stoddard, 240 N. Y. 149, 163-164.)
“ It is hardly necessary to state that the arbitrary dissolution of a corporation, the confiscation of its assets, and the repudiation of its obligations by decrees, is contrary to our public policy and shocking to our sense of justice and equality.” (Vladikavkazsky Ry. Co. v. New York Trust Co., 263 N. Y. 369, 378.)
The present Cuban regime might terminate the liability of defendant Industrial in Cuban courts under Cuban law.
‘ ‘ Its fiat to that effect could not constrain the courts of other sovereignties, if assets of the debtor were available for seizure *285 in the jurisdiction of the forum”. (James & Co. v. Second Russian Ins. Co., 239 N. Y. 248, 257.)
“Neither comity nor public policy requires us to enforce a mandate of confiscation at the behest of such a government to the prejudice either of our own citizens or of those of any friendly power seeking justice in our courts.” (James & Co. v. Second Russian Ins. Co., supra, p. 257.)
No recognition will be given to such expropriation decrees as apply to assets located in New York (Bollack v. Societe Generale, 263 App. Div. 601; Plesch v. Banque Nationale de la Republique d’Haiti, 273 App. Div. 224).
The United States Government does not have an overriding public policy requiring recognition of the lawless act of the Cuban regime which is clearly repugnant to our public policy. The decree is offensive and will not be given effect. Accordingly, the motion is denied in its entirety.