GABRIEL A. BOBRICK, Respondent, *v.* THE SECOND NATIONAL BANK OF HOBOKEN, Appellant.

First Department, December 15, 1916.

Bills and notes — issuance of cashier's checks at request of depositor — presumption of consideration — action by payee against drawer — liability of drawer — power of depositor or of drawer to stop payment.

The issuance of cashier's checks at the request of a depositor carries with it a presumption that there was a consideration moving from him to the drawer, and it is immaterial, in an action by the payee against the drawer, whether or not there was consideration as between the depositor and the payee.

There is a presumption under section 50 of the Negotiable Instruments Law that cashier's checks so executed were issued for value, and such presumption is not overcome by evidence that the drawer received no consideration from the payee.

Where a bank at the request of a depositor and in reliance upon the sufficiency of his balance, issues cashier's checks to a designated payee, it

incurs a direct primary obligation to him that the drawee will pay the checks on presentment, and in default thereof that it will pay them.

Such checks having been issued and delivered to the payee, the transaction was a completed one so far as the payee was concerned, and his rights cannot be affected by the failure of the bank to charge the checks to the account of the depositor, pursuant to the direction of the latter.

If the depositor, for a sufficient consideration moving from the payee to him, purchased the checks of the bank for the payee, and caused them to be delivered to him, it was beyond the power of the depositor or of the bank to stop payment thereof.

APPEAL by the defendant, The Second National Bank of Hoboken, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of March, 1916, upon the decision of the court, a jury having been waived.

*James L. Bishop,* for the appellant.

*Barclay E. V. McCarty,* for the respondent.

LAUGHLIN, J.:

This is an action by the payee against the drawer of three checks. There is no conflict in the evidence. It appears that one Mackenzie had a deposit account with the defendant. Mackenzie was traveling in the west and he wired or wrote the defendant to issue the three checks to the plaintiff, "trustee." On the 18th day of August, 1914, pursuant to that direction from Mackenzie, the defendant issued three cashier's checks payable to the order of "G. A. Bobrick, Trustee;" two, each for $1,000, and one for $500. The checks were drawn on the National Park Bank of New York, and were sent to the plaintiff at Los Angeles, Cal., evidently pursuant to the direction of Mackenzie. Before they were presented to the drawee for payment the defendant received notice from Mackenzie to stop payment and it did so; and the National Park Bank, acting upon the notice it received from the defendant, refused payment and the defendant was duly notified thereof.

The defendant pleaded that it received no consideration from the plaintiff for the checks, and it was permitted over plaintiff's objection and exception to show that it received no consideration from him therefor. The defendant, however, did

not plead, or prove or offer to prove that there was no consideration for the issuance of the checks moving to it from Mackenzie, its depositor, or from plaintiff to him. The evidence that the checks were issued at the request of Mackenzie carries with it a presumption that there was a consideration moving from him to the defendant; and it is immaterial whether or not there was consideration as between him and the plaintiff. (*Hamilton* v. *Hamilton*, 127 App. Div. 871; *Rector, etc.*, v. *Teed*, 120 N. Y. 583; 1 Daniel Neg. Inst. [6th ed.] § 178; 2 id. § 1595a.)

The deposition of Mackenzie was taken in England at the instance of the defendant which, however, did not read it in evidence. The plaintiff read in evidence Mackenzie's answers to four cross-interrogatories to the effect that when he instructed the defendant to issue the checks he also instructed it to "reimburse itself to the extent" of the checks "out of the balance" of his deposit account with the defendant "or to charge the amount of" the checks against him. It was not shown nor was any evidence offered to show the balance to the credit of Mackenzie in his deposit account with the defendant at the time the checks were issued; but his testimony so read by the plaintiff shows that he felt in honor bound to reimburse the bank, and that he so stated to its officers. The president of the defendant testified that he presumed that Mackenzie had a balance in his deposit account with the defendant at the time, but he did not know what the amount of such balance was.

The checks were negotiable instruments (Neg. Inst. Law [Consol. Laws, chap. 38; Laws of 1909, chap. 43], § 20), and by virtue of section 50 of the Negotiable Instruments Law there was a presumption that they were issued for value. That presumption was not overcome by evidence that the drawer of the checks received no consideration therefor from the payee, for, as already stated, that was not essential, and a presumption arises on the facts proved that it received a consideration from Mackenzie.

The facts stated show that the defendant in issuing the checks relied upon the sufficiency of Mackenzie's balance to the credit of his account, or upon his credit. By thus issuing and

delivering the checks to plaintiff it incurred a direct, primary obligation to him that the drawee would pay the checks on presentment, and in default thereof that it would pay them. (*Hibernia National Bank* v. *Lacombe*, 84 N. Y. 367; *Riddle* v. *Bank of Montreal*, 145 App. Div. 207.)

The learned counsel for the appellant predicates his principal argument on an erroneous construction of the evidence. He contends that this was not an executed transaction as between Mackenzie and the defendant, and that the defendant having received no consideration from the plaintiff was acting merely as Mackenzie's agent; and that its only authority was to have the checks paid by the National Park Bank and then to charge the amount against his account, which authority was revocable. According to the testimony of Mackenzie the defendant was authorized, immediately on issuing the checks, to charge them to his account; and there would have been implied authority so to do on issuing the checks at his request. The checks were not his obligations but the direct obligations of the defendant to the payee.

The checks having been issued and delivered to the payee the transaction upon which the bank entered at his request was a completed one so far as the payee was concerned. It does not appear whether the checks were charged to Mackenzie's account, but the rights of the payee could not be affected by the failure of the bank so to charge them. Presumably, on these facts Mackenzie, for a sufficient consideration moving from the plaintiff to him, had purchased the checks of the defendant for the plaintiff, and caused them to be delivered to him, and if so it was beyond the power of Mackenzie or of the defendant to stop payment thereof. (See *Baruch* v. *Buckley*, 167 App. Div. 113; *Carnegie Trust Co.* v. *First Nat. Bank*, 213 N. Y. 301; *Strohmeyer & Arpe Co.* v. *Guaranty Trust Co.*, 172 App. Div. 20.)

It follows that the judgment is right and should be affirmed, with costs.

CLARKE, P. J., DOWLING, PAGE and DAVIS, JJ., concurred.

Judgment affirmed, with costs.