GABRIEL A. BOBRICK, Respondent, *v.* DAVID MACKENZIE, Appellant.

First Department, July 2, 1920.

**Contracts — action for breach of contract of employment and agreement to form corporation — former recovery by plaintiff as trustee not inconsistent with present action — when plaintiff cannot recover for failure of defendant to procure issuance of stock — measure of damages — when plaintiff cannot retain benefits of former action as trustee.**

Where the plaintiff was employed by the defendant to purchase certain patent rights to which he was to take title as trustee and assign to the defendant, who further agreed to employ the plaintiff for five years at a monthly salary and to form a corporation to take over the patents and deliver a certain percentage of the stock to the plaintiff, an action for the breach of said contract by the defendant is not barred by reason of the fact that the plaintiff, as trustee, brought action and recovered on certain checks drawn by the defendant to him as trustee for the purchase of such patent rights, where the breach complained of in the second action is the failure of the defendant to employ the plaintiff at the agreed salary and to organize the corporation and transfer its stock.

The plaintiff's action upon the checks as trustee is not inconsistent with his present action brought by him individually for damages for subsequent breaches of the contract.

However, the plaintiff cannot recover damages by reason of the failure of the defendant to issue the stock as agreed.

The plaintiff is entitled to recover the amount of salary due under the contract of employment less what he has actually earned or will probably earn during said five-year period from other sources.

But as the plaintiff recovered judgment in the present action he should not be permitted to retain the recovery he has obtained as trustee against the bank which issued the checks which were the subject of the former action.

APPEAL by the defendant, David Mackenzie, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of July, 1919, upon the verdict of a jury rendered by direction of the court.

*William M. Bennett* of counsel [*McElheny, Bennett & Sicher*, attorneys], for the appellant.

*Barclay E. V. McCarty*, for the respondent.

MERRELL, J.:

This action is to recover damages for breach of a written contract entered into between the plaintiff, Gabriel A. Bobrick, and the defendant, David Mackenzie, on August 6, 1914. The contract recites that the said Mackenzie, party of the first part, was desirous of acquiring certain patent rights for the liquification of gases, air, etc., and their distillation into their constituent parts, viz., oxygen, nitrogen, etc., and that the said party of the first part desired to enter into the business of manufacturing liquid air, oxygen, nitrogen, cyanamide and the products of each of the above gases and their constituent parts. The contract further recites that Bobrick, party of the second part, was the inventor of certain patents and processes for the liquification of gases and the redistillation of liquid air into its constituent parts, and of certain machinery and apparatus for the manufacture and utilization of liquid air, oxygen, nitrogen and their products covered by four patents issued to him during the years 1909 and 1910, which patents, at the time of the making of the contract, were therein stated to be owned by the United States Liquid Air and Oxygen Company of Los Angeles, Cal., or its successors or assigns. By the terms of the contract it was mutually agreed by the parties that the said Mackenzie appointed Bobrick as his lawful agent to go to Los Angeles, and purchase from the owner at a price not to exceed $5,000 all of the patents above referred to and all other patents assigned to said United States Liquid Air and Oxygen Company by the said Bobrick. It was further provided by the contract that the party of the first part should furnish to the party of the second part a sum of money not to exceed $5,000 for the purchase of said patents, with the understanding that Bobrick was to purchase the same for the least sum of money possible, and if he should succeed in acquiring the patents for less than $5,000, the balance of said sum was to be returned to Mackenzie, party of the first part. It was further agreed in the written contract between the parties that said Bobrick should purchase the said patents in the name of Gabriel A. Bobrick, trustee, and immediately thereafter assign the same to the said Mackenzie without further consideration therefor. In consideration of the premises, it was further agreed by

Mackenzie to employ Bobrick for a period of five years at a salary of $300 per month during said term, said employment and salary to commence on the day of the return of Bobrick to New York after the purchase of the patents aforesaid and the delivery of said assignments thereof to the party of the first part. Bobrick, the party of the second part, agreed to accept said employment and to devote his entire time and service to the party of the first part for said period of five years, unless sooner released under the terms of the agreement. It was further understood and agreed that the party of the first part, Mackenzie, might assign the agreement, and that such employment might be terminated by mutual consent upon such assignment to a third party. Bobrick also further agreed to turn over to Mackenzie any other inventions which he might work out relating to the liquification of gases and their redistillation into liquids, said additional inventions and patents thereon to become the property of the said Mackenzie. It was further agreed by Mackenzie in said instrument that he would form a $1,000,000 corporation and take over said patents, the capitalization of said corporation to consist of 10,000 shares of stock of the par value of $100 each, one-fifth of which, or twenty per cent, was to be delivered to the party of the second part on the completion of the organization of said corporation. Eighty per cent of said one-fifth interest in said capital stock was to be placed in escrow until the termination of said five-year contract of employment as a guaranty by said party of the second part that he would comply with the terms of the agreement, and in case of default in such compliance said stock so placed in escrow was to be forfeited to the party of the first part. By the terms of the contract it might be terminated at any time by mutual consent or it might be terminated by the party of the first part at any time that he might conclude that the enterprise was a failure and would not " warrant the investment of any further moneys."

Pursuant to this contract the defendant Mackenzie procured to be drawn and issued by the Second National Bank of Hoboken, N. J., six cashier's checks aggregating in amount the sum of $5,000, and forwarded the same to Bobrick at Los Angeles, whither he had gone for the purpose of acquiring

said patents pursuant to said agreement. Said $5,000, represented by said six cashier's checks, was furnished for the purpose of enabling Bobrick to acquire said patents pursuant to the terms of the contract. The testimony shows that Bobrick entered into negotiations and purchased said patents from the owner thereof at Los Angeles for $5,000, subject only to payment of said purchase price. Subsequently he presented to the National Park Bank of New York, the drawee of said six cashier's checks, three of said checks. Said checks were drawn to Bobrick, as trustee. When he presented the same for payment to the National Park Bank of New York payment was refused upon the specific ground stated by the drawee that payment of the checks had been countermanded by the Second National Bank of Hoboken, the drawer thereof. Thereafter the plaintiff brought action in the Supreme Court against the drawer of the checks, Second National Bank of Hoboken, to recover the amount of said three checks, with interest. At Trial Term the plaintiff was granted judgment for the amount of said three checks, $2,500, besides interest. The defendant appealed to this Appellate Division from said judgment and the same was unanimously affirmed. (*Bobrick* v. *Second Nat. Bank,* 175 App. Div. 550.) Thereupon counsel for the plaintiff requested the Hoboken bank to pay the amount of said checks and the bank promised to pay the same in December following, unless forbidden by Mackenzie, at whose instance said checks had been issued. In the meantime and, indeed, very soon after plaintiff went to California, Mackenzie left the country and remained absent thereafter for over two years, returning only a short time prior to the commencement of the present action. In December, 1916, when the Second National Bank of Hoboken had agreed to pay said checks on affirmance of plaintiff's judgment by this court, Mackenzie, who was still abroad, cabled said bank forbidding the payment thereof. On the day following the Second National Bank of Hoboken appealed to the Court of Appeals from the order of affirmance of the Appellate Division. The Court of Appeals unanimously affirmed the Trial Term and this court. (224 N. Y. 637.) Thereupon, in November, 1918, the defendant made application to the Special Term for an order enjoining Bobrick from enforcing the judgment which

he had obtained or in the alternative directing him to deposit in court if collected in the meantime the proceeds of the judgment or of the six cashier's checks. This application was denied at Special Term. Thereupon Mackenzie brought action against Bobrick to recover for a conversion of said checks and attached the six cashier's checks upon the claim that Bobrick was a non-resident of the State of New York. For this reason the plaintiff has been unable to realize upon said checks. After the appeal was taken from the decision of this court in the action between the plaintiff and the Second National Bank of Hoboken, but before its determination in the Court of Appeals, this plaintiff brought the present action, claiming to recover his damages by reason of breach of the contract by the defendant in that defendant had failed to organize the $1,000,000 corporation which he had promised to create, and had failed to turn over to the plaintiff the one-fifth or $200,000 par value of the capital stock of said corporation to be organized; that the defendant had also failed to employ the plaintiff at the salary of $3,600 a year for the term of five years, and had, therefore, committed a breach of said contract. At Trial Term the court, with the consent of the parties, dismissed the jury, with the exception of one juror, and upon the evidence upon the trial directed a verdict in favor of the plaintiff and against the defendant. During the progress of the trial the court held that as to the claim for $200,000, being one-fifth of the capital stock of the proposed company, the plaintiff had no cause of action, and dismissed the complaint as to that alleged cause of action. The court, however, held, in accordance with the suggestion of counsel for the defendant, that the plaintiff should recover his salary for the five years at $3,600 a year, amounting to $18,000, less the sum of $10,649, which the plaintiff admitted he had earned from other sources during the part of the five years which had expired at the time of the rendition of the verdict and less the sum of $1,211.97, the amount which the plaintiff probably would have earned during the balance of said period, aggregating $11,860.97, and leaving a balance of $6,139.03, in which sum a verdict was directed in plaintiff's favor and against defendant. This action of the court was pursuant to the suggestion of counsel for the defendant that

plaintiff's damages were measured by the amount of his salary less what he had earned and would probably earn during the balance of the period. The court, in directing a verdict in plaintiff's favor for $6,139.03, stated that it found the defendant's figures correct at that amount. To the verdict thus directed the sum of $85 was added as statutory interest, pursuant to the provisions of section 1235 of the Code of Civil Procedure, from the rendition of the verdict to the date of the entry of judgment, and the sum of $126.87 as plaintiff's costs as taxed, making the judgment in plaintiff's favor and against defendant in the sum of $6,350.90.

The only serious question raised by the defendant, appellant, is that the plaintiff has attempted to pursue inconsistent remedies; that when the plaintiff brought action to recover upon the cashier's checks he treated the contract not as broken but as in full force and effect, and that he maintained such position until the trial herein; that the present action, based upon the breach of said contract, is inconsistent therewith. I do not think that there is anything in this claim of the appellant. In the first place the former action brought by the plaintiff was not against the defendant, appellant. Indeed, it was brought by plaintiff, as trustee, in his individual name, to recover of the Second National Bank of Hoboken, as drawer, upon its cashier's checks which were issued to him upon an express trust. The present action is brought by him individually against the party with whom he had contracted, for damages for breach of contract. The previous action was brought against the Second National Bank of Hoboken to recover upon three of the six cashier's checks which it had drawn upon the National Park Bank of New York, payable to the plaintiff, as trustee. The plaintiff, as trustee, had an entire right to pursue that remedy. It is true the defendant sought to prevent collection of those cashier's checks, but the trial court and this court and the Court of Appeals successively held that the plaintiff was entitled to recover of the drawer the amount of the checks sued upon. Defendant's efforts were, therefore, futile, and plaintiff had the right to assume that the contract was still in force. It was the plaintiff's duty to perform his part of the contract, to wit, to purchase and obtain assignments

from the owners of the patents in question. He went to California for that purpose, and he actually purchased said patents, subject only to payment of the $5,000 therefor. So far as the cashier's checks were concerned, there was no breach of contract by the defendant. He furnished the checks and the courts have held that payment of such checks could not be successfully resisted. The action which the plaintiff has brought is not, it seems to me, inconsistent with the previous action, and is to recover for the successive breaches by defendant of the written contract in failing to organize the corporation and to turn over to the plaintiff one-fifth of the capital stock thereof and in failing to employ the plaintiff for five years at the salary of $3,600 a year. These agreements on defendant's part he wholly failed to perform, and plaintiff has a right to pursue his remedy as an individual to procure his damages for a breach of said contract. The court properly held that there could be no recovery of damages by reason of the failure to issue the stock which plaintiff was to receive. The plaintiff has not appealed therefrom, and is bound thereby. The court restricted plaintiff's recovery to the amount of the salary due him from the defendant under the contract for five years at $3,600 a year, less what he had actually earned and would probably earn during said five-year period from other sources. This measure of damages was suggested by counsel for the defendant, and while less favorable than he claimed, plaintiff has not appealed therefrom. I think, under the circumstances, that the judgment directed by the court in plaintiff's favor and against the defendant should be affirmed, with costs.

Inasmuch as the defendant has committed a breach of the contract in question, for which plaintiff has recovered a judgment herein, the latter should not be permitted to retain the recovery which he has obtained, as trustee, against the Second National Bank of Hoboken; so far, at least, as the interest of the *cestui que trust* therein is concerned. While that question is not involved upon the determination of this appeal, we deem it not improper to suggest that equity may allow a setoff or compel an accounting on the part of the plaintiff, as trustee, wherein the rights of the Second National

Bank, judgment debtor, in the prior action, and all others interested, may be fully protected.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Judgment affirmed, with costs.