Carroll G. Walter, J.
On April 26,1954 plaintiff’s intestate, Gabriel Pascal, executed to the third-party defendant, Bita Allen, his note for $25,000, payable to her order two months after date, with interest. He did so in consideration of her delivering to him a check of defendant for $25,000, dated April 26, 1954, drawn by defendant upon itself, payable to his order. Defendant had drawn that check and delivered it to Mrs. Allen at her request and in consideration of its receipt of $25,000 from her — not pursuant to any agreement with Mr. Pascal or for any consideration received by it from him.
Mr. Pascal died July 6, 1954 without having presented the check for payment, and without having revoked instructions he had given his agent to deliver the check to Mrs. Allen and get back his note, but without those instructions having been carried out.
On July 15,1954 Mrs. Allen asked defendant to stop payment on its check and return to her the $25,000 she had paid it therefor. Defendant thereupon did return the $25,000 to Mrs. Allen.
Plaintiff was appointed as temporary administrator of Mr. Pascal’s estate on September 15, 1954. It then presented the check to defendant on November 9 or 10, 1954. Defendant refused to pay it and stamped on the face of the check the words, “ Payment stopped ”.
*138 On January 4,1955 Mrs. Allen assigned the note to defendant. In this action by plaintiff to recover the amount of the check, defendant counterclaims for the amount of the note. Defendant also brought in Mrs. Allen as a third-party defendant upon a claim that if it be held liable to plaintiff, then she will be liable to defendant upon an alleged agreement by her to indemnify defendant against loss by reason of its having refused, at her request, to pay the check when it was presented.
One other fact should be mentioned, even though only for the purpose of pointing out its lack of significance. Mr. Pascal indorsed the check over to Loew’s, Inc., and delivered it to that corporation. Apparently the indorsement and delivery were both conditional only and intended to take effect only in the event a pending deal was consummated. But even if regarded as absolute, they were rescinded by Loew’s return of the check to Mr. Pascal when that deal failed of consummation. Title to the check then remained in Mr. Pascal and passed to plaintiff, as administrator of his estate.
If Mr. Pascal’s estate were solvent, justice could be done and the intent of the parties carried out by allowing plaintiff to recover upon the check and allowing defendant to recover upon the note, without any very meticulous consideration of the exact legal rights of the parties. But Mr. Pascal’s estate is at least apparently and probably insolvent; and to prevent Mrs. Allen or defendant, as her assignee, from thus getting payment of the note in full and thereby obtaining a preference over other creditors of Mr. Pascal, plaintiff feels in duty bound to insist that (although defendant’s claim upon the note is a cause of action in favor of defendant against plaintiff or a person whom plaintiff represents, and thus is a proper counterclaim under Civ. Prac. Act, §§ 266, 267), that claim cannot be here allowed because of the further provision in section 269 of the Civil Practice Act that, in an action by an executor or administrator in his representative capacity, a demand against the decedent “ belonging at the time of his death to the defendant ” may be set forth by the defendant as a counterclaim as if the action had been brought by the decedent in his lifetime.
Plaintiff’s contention, in other words, is that, although its intestate got the check sued on only because of his promise to pay the amount thereof to defendant’s assignor, plaintiff is now entitled to recover upon the check but defendant cannot recover upon the promise merely because Mrs. Allen did not assign the promise to defendant until after Mr. Pascal died.
I doubt if the limiting phrase in section 269 of the Civil Prac *139 tice Act, “ belonging at the time of his death to the defendant ”, is to be given such an effect as that. But before considering whether defendant may here recover upon the note, it should be decided whether plaintiff is entitled to recover upon the check. I think it is not.
As the check was drawn by defendant upon itself, plaintiff is entitled to treat it as a promissory note, i.e., as a contract by defendant to pay $25,000 to Pascal, binding upon defendant even in advance of presentation and without acceptance of the check by defendant (Cable & Wireless v. Yokohama Specie Bank, 191 Misc. 567, 574, affd. 278 App. Div. 752, affd. 304 N. Y. 574). As such, it is subject to the defenses of lack or failure of consideration.
But the instrument is also a check (Negotiable Instruments Law, § 321) and, as such, it is subject to the defense of discharge by reason of loss caused by delay in presentment for payment (Negotiable Instruments Law, § 322).
Consideration for the check is presumed (Negotiable Instruments Law, § 50), but it here appears without dispute that Pascal gave defendant no consideration for the check.
It seems to have been authoritatively held that the consideration which Mrs. Allen gave would be sufficient to make the contract a valid contract which Pascal or his administrator could enforce if nothing more than the issuing of the check for that consideration appeared (Bobrick v. Second Nat. Bank, 175 App. Div. 550, affd. 224 N. Y. 637).
Here, however, a great deal more appears. There here was, at the outset in April, 1954, a transaction between Pascal and Mrs. Allen wholly independent of the transaction between Mrs. Allen and defendant. There then was, in July, 1954, another transaction between Mrs. Allen and defendant, by which Mrs. Allen got back the consideration she had paid for defendant’s check. Defendant thus now stands wholly stripped of any consideration whatever for the check and did so stand at the time the check was presented for payment.
Under those circumstances I think defendant is entitled to resist payment upon the ground that, even though the consideration originally furnished by Mrs. Allen would have inured to Pascal’s benefit to such an extent as would have enabled him to recover upon the check while defendant still had that consideration, Pascal had no rights which prevented defendant and Mrs. Allen from making such new agreement with respect to the check as they desired to make; and as they made an arrangement under which the consideration which Mrs. Allen *140 had furnished for the check was handed back to her before the check was presented, there is now such a failure of consideration as prevents plaintiff from recovering.
The same facts also show a discharge of liability under section 322 of the Negotiable Instruments Law.
It is possible that if Mrs. Allen had applied to the agent whom Pascal had instructed to return the check to her, that agent would have carried out those instructions by delivering the check to her in exchange for the note. But there is nothing to show that Mrs. Allen or defendant knew that such instructions had been given by Pascal to anyone or that either of them knew to what person they had been given, or that either defendant or Mrs. Allen knew that the check was still in Pascal’s possession at the time of his death. It is also probable that if Mrs. Allen had gone to Pascal’s agent, that agent would have declined to give her the check upon the ground that his instructions had terminated by the death of his principal. What, then, were Mrs. Allen and defendant to do! A bank check for $25,000 had not been presented for more than two months after it had been issued. The payee thereof had died. Mrs. Allen and defendant reasonably could have been, and doubtless were, disturbed by the possibility that the check had come or was about to come into the possession of some unauthorized person or someone who would claim to be a bona fide holder for value. Under those circumstances, her request that defendant stop payment of the check and hand her $25,000 back to her was reasonable, and defendant’s acquiescence in that request was reasonable.
The delay in presenting the check was unreasonable and the delay caused defendant a loss of $25,000. Defendant’s liability on the check consequently has been discharged (Negotiable Instruments Law, § 322).
It follows that the complaint should be dismissed.
If it be suggested that I am deciding for defendant upon the basis of affirmative defenses which it did not plead, the answer is that the facts upon which my conclusion rests were proved upon the trial without any objection that the evidence establishing them was not admissible under the pleadings. This, therefore, is not a case in which decision is being rested upon evidence validly objected to as not within the pleadings, but one in which the evidence supporting the defenses was received without objection. It hence is one of those rare instances in which the pleadings may be deemed amended to conform to the proof.
As nothing is to be recovered on defendant’s check, Pascal did not get the $25,000 for which he bargained. The note, con *141 sequently, is unenforcible because of failure of consideration, and the counterclaim should be dismissed for that reason. It hence is unnecessary to consider whether recovery thereon could have been had herein if plaintiff had recovered on the check. As plaintiff does not recover from defendant, defendant has no claim over against Mrs. Allen. As she is not being held liable for anything to anyone, she has here no enforcible claim against either plaintiff or defendant. Whether or not, in due course of administration of Pascal’s estate, she can establish a claim for interest on $25,000 from April 26, 1954 to the time defendant paid her $25,000 back to her, was not here litigated and is not decided.
I direct the entry of judgment dismissing plaintiff’s complaint, defendant’s counterclaim, defendant’s claim over against Mrs. Allen, and her claims over against plaintiff and defendant.
The foregoing constitutes the decision required by the Civil Practice Act, and judgment is to be entered thereon.