[No. 1669.    Decided March 18, 1895.]

THE STATE OF WASHINGTON, *on the Relation of Charles Theis et al.*, v. OZRA A. BOWEN, *Treasurer of the State of Washington.*

STATE WARRANTS — RATE OF INTEREST.

The statute of 1893 reducing the legal rate of interest to eight per centum has no effect upon state warrants issued, and presented to the treasurer for indorsement, prior to the taking effect of that act, which, by a custom so long recognized and acquiesced in as to have the force of law had been entitled to the legal rate of ten per centum. (SCOTT, J., dissents.)

*Original Application for Mandamus.*

*Blake & Post*, for relator.

*W. C. Jones*, Attorney General, and *James A. Haight*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—The record in this case presents but a single question: What was the effect of the act (Laws 1893, p. 29) reducing the legal rate of interest to eight per cent. upon state warrants issued before such law went into effect? In our opinion this question is decided by the case of *Union Savings Bank & Trust Co. v. Gelbach,* 8 Wash. 497 (36 Pac. 467). Counsel for respondent has attempted, in his able argument, to distinguish this case from that one, but to our minds, there is no substantial difference between the question therein decided and the one presented in this case. It was held in that case that the statute, which provided that warrants not paid for want of funds should draw interest at the legal rate, so impressed the rate in force at the time payment was refused upon the warrants that a change in such rate thereafter would have no effect upon the rate collectible thereon. If such was the force of an agreement to pay interest provided by the statute, the same force should be given to an agreement to pay interest authorized by a custom so long recognized and acquiesced in as to have the force of a statute.

If, prior to the going into effect of the law in question, any rate of interest could be collected upon the warrants of the state, it was the legal rate then in force, and if that or any other rate was collectible it was by force of a law or custom so acquiesced in as to have the force of a law. That some rate of interest was collectible on state warrants before the act in question went into effect is conceded by the respondent. It must follow that there was either a law authorizing such interest to be paid or a custom to that effect of the kind above specified. Hence there was no real

distinction between county warrants and state warrants so far as this question is concerned. As to one class the statute provided that they should draw the legal rate of interest; as to the other class the statute, or that which had the force of a statute, made a like provision. If in the one class the legal rate prevailing at the time payment was refused was so impressed that it would not be effected by a change in such rate, there is no reason why such rate should not be held to have been in like manner impressed upon the other class.

The writer did not concur in the conclusion to which the court arrived in the case above cited, but by its decision the law of the state as to the payment of interest upon county warrants was declared and made certain, and the rule therein announced should be adhered to. And in our opinion the same line of reasoning will compel us to hold that interest must be paid upon state warrants at the legal rate in force at the date of their presentation to the treasurer for indorsement. It is true that the law reducing the rate might be constitutional when applied to contracts of the state and unconstitutional when applied to those of counties, for the reason that it may be within the power of a state to repudiate a legal contract. But as we understand the case above cited, the reduced rate was held not to apply to warrants issued before the passage of the act for the reason that the language used showed such to have been the intention of the legislature, and not because the act was unconstitutional. And on that ground the same rule would obtain in respect to warrants of the state as to those of a county.

It follows that the petitioners are entitled to the relief prayed for. It is therefore ordered that a peremptory writ of mandamus be issued to the state

treasurer in accordance with the prayer of the petition Neither party will recover costs.

DUNBAR, ANDERS and GORDON, JJ., concur.

SCOTT, J., dissents.