[No. 2889.  Decided March 19, 1898.]

THE SPOKANE AND EASTERN TRUST COMPANY, v. C. W. YOUNG, as *Treasurer of the State of Washington.*

INTEREST ON STATE WARRANTS — RATE.

Under § 3 of the act of March 20, 1895 (Laws 1895, p. 349; Bal. Code, § 3670), providing that all state warrants shall draw interest at a rate not greater than eight per centum per annum, unless a less rate be specified therein, the state treasurer must pay eight per centum on state warrants issued subsequent to the passage of the act, and which contain no provision as to the rate of interest, although another section of the same act provides that the legal rate shall be seven per cent as to private contracts, where no different rate is agreed to in writing.

*Original Application for Mandamus.*

*Alex. M. Winston,* and *Miles Poindexter,* for plaintiff.

*Thomas M. Vance,* Assistant Attorney General, for respondent.

*Haight & Owings,* as *amici curiae.*

*Per Curiam.*—The relator is the owner of a state warrant issued subsequently to the taking effect of the act, Laws 1895, p. 349 (Bal. Code, §§ 3668-3672). No rate

of interest is specified in such warrants.  This one is included in a late call for payment and the treasurer refuses to pay more than seven per cent. interest thereon, and the sole question presented is whether it bears interest at that rate or at eight per cent. per annum.  Section 1 provides a rate of seven per cent. as to private parties when no different rate is contracted for.  Section 3 is as follows:

"All state, county, city, town and school warrants, and all warrants or other evidences of indebtedness drawn upon or payable from any public funds, shall bear interest at a rate not greater than eight per centum per annum, unless a less rate be specified therein."

One contention is that this section is so ambiguous and conflicting that it would be inoperative as providing for a rate of eight per cent. where no rate is specified in the instrument, and that it must be ignored, and there is also some contention as to what it does mean.  By consent of parties a brief has been filed by local counsel which supports the contention of the relator.  It purports to set up the facts relating to the history of the bill while it was pending in the legislature, it being stated that they were matters which the plaintiff's counsel herein, who reside at a distance, could not well know.  It is alleged that § 3 of the bill originally provided a rate of seven per cent., but that the words "the rate of seven" which immediately preceded "per centum" were stricken, and the words, "a rate not greater than eight," substituted, and that this was one of those hurried amendments adopted at the very last of the session, and the language was not otherwise remodeled to make it conform to the amendment.  While this might have a bearing as showing an intention to provide a rate of eight per cent. where no other was specified, and which might be conclusive as to state warrants, there being no power in any officer or board to fix a lesser rate, we would

not in any event be disposed to give it a controlling effect. Only in very exceptional cases, at most, should resort be had to matters outside the official publication of the laws as passed, to determine the construction to be given them. It is further shown, however, that soon after the act was passed, the attorney general was called upon by the state treasurer to construe it in this particular, and he rendered an opinion holding that the rate as to state warrants was fixed by the act at eight per cent. While, of course, this construction by the executive branch of the government is not controlling, it is entitled to considerable weight in determining the intention of the legislature in the premises, in view of the fact that it was generally understood thereafter that such warrants bore eight per cent., the same as formerly, and there has been a session of the legislature since then and no change made. But aside from all this, unless § 3 provides a rate of eight per cent. on state warrants it is meaningless in that particular, and the act should be construed to give effect to each part. The intention clearly was to provide a rate of eight per cent. upon state and municipal warrants where a lower rate was not specified therein. The fact that there was no officer or board empowered to fix a less rate from time to time, or at all, as to state warrants, which could be done by a city council or municipal board in the case of municipal warrants, may have been overlooked. But this could not alter the effect of the plain provision otherwise, and consequently as to state warrants the act fixed or continued the former rate of eight per cent., and the writ should issue.