[No. 13342.  Department Two.  October 9, 1916.]

IMPERIAL CANDY COMPANY *et al., Respondents*, v. THE CITY OF SEATTLE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—WATER WORKS—NEGLIGENCE—EVIDENCE —SUFFICIENCY.  Negligence of the city is established where a break in a water main, flooding the plaintiff's premises, was due to the improper use of a cast-iron bushing instead of a metal of greater strength, which broke when, after ten years, the foundation of a heavy meter decayed and cast the weight upon the bushing, and the condition of the foundation could have been readily ascertained by an inspection which the city failed to make.

SAME—WATER WORKS—NEGLIGENCE — DAMAGE TO GOODS — PROXIMATE CAUSE.  Damage to goods in the basement of the building is the natural and probable consequence of the breaking of a three-inch water main leading into the basement, so that negligence leading to the break was the proximate cause of the damage.

SAME—WATER WORKS—DAMAGE TO GOODS — CONTRIBUTORY NEGLIGENCE.  In an action for damages to goods stored in a basement through the breaking of a water main, contributory negligence cannot be attributed to the plaintiff, a tenant, from the fact that there was no drain from the basement as required by city ordinance, which did not forbid the use of such a basement by a tenant, and where it was not claimed that the building was so constructed without obtaining a permit.

Appeal from a judgment of the superior court for King county, Frater, J., entered October 5, 1915, upon findings in favor of the plaintiffs, in an action for damages to property, tried to the court.  Affirmed.

*James E. Bradford, Melvin S. Good, Hugh M. Caldwell,* and *Walter F. Meier,* for appellant.

*John W. Roberts* and *George L. Spirk,* for respondent Imperial Candy Company.

MAIN, J.—The purpose of this action was to recover damages to personal property caused by the breaking of a water main owned by the city of Seattle.  The defendant, The J. M.

[1]Reported in 160 Pac. 303.

Colman Company, was the owner of the building in which the property was at the time the damage occurred. The trial resulted in a judgment of dismissal as to the Colman Company, and a judgment in favor of the plaintiff and against the city in the sum of $1,051.93, together with interest.

The facts are these: On March 3, 1913, the respondent was occupying, and for about nine years previous had occupied, rooms in the basement of the building owned by the Colman Company, the west front of which was on Western avenue. One of the city water mains extended along this avenue. Under the sidewalk on the east side of the street a pit had been constructed in which the water meter was placed. The service pipe leading from the street main to the pit was approximately four inches in diameter. After the pipe entered the pit, it was reduced to a three-inch pipe. For this purpose it was necessary to use an elbow and bushing. The bushing used in making the connection was cast iron. The three-inch pipe extended from the place where the connection was made to the meter and into the building. About ten years previous to the date mentioned, the first meter had been installed in the pit upon a foundation consisting of boards placed upon the earth. At the time the main broke, the boards had become decayed, and the only inference from the evidence is that the foundation of the meter had become so defective as not longer to furnish it support. The meter not being supported by the foundation, its weight was carried by the pipe to which it was attached, and the strain caused by this weight was borne by the cast-iron bushing. The meter when filled with water would weigh three or four hundred pounds. There was more or less hammering in the pipes due to the large amount of water which was used for operating elevators.

When the pipe broke, a stream of water from the four-inch opening extended upwards approximately thirty feet. Some of this water found its way into the room in the basement in which the respondent's property was stored. This

property consisted of crackers, sugar, candy, and other like articles. The water upon the floor of this basement became six or eight inches deep.

The theory of the action was that the cast-iron bushing which broke was improper construction, and that the city had not exercised reasonable care in inspecting and replacing the foundation under the meter. The evidence sustains the position that the use of the cast-iron bushing was improper construction. The evidence also shows that the condition of the foundation under the meter could readily have been ascertained by an inspection. Access to the pit in which the meter was placed could be made through an opening in the sidewalk through which the meter reader entered the pit.

It is claimed that the city was negligent in one or two other particulars, which need not be referred to, as, in our opinion, the condition of the foundation under the meter was readily ascertainable by a reasonable inspection. The failure to inspect and replace the foundation was not the exercise of the proper degree of care on the part of the city. The lack of a foundation, together with the use of the cast-iron bushing instead of a metal of greater strength, was what caused the break and permitted the water to escape.

In this connection some claim is made that, even though the city were negligent in the particulars mentioned, such negligence was not the proximate cause of the damage to the respondent's property. But this contention cannot be sustained. The damage to the property was plainly the natural and probable consequence of the breaking of the main. The damage which occurred was such as would reasonably be anticipated by the breaking of a water main and releasing a stream of water the size of that mentioned. The case of *Ottevaere v. Spokane*, 89 Wash. 681, 155 Pac. 146, was based upon a different state of facts, and is not controlling.

Another contention of the city is that the respondent was negligent in using the basement of the building because there was no drain therein as required by the city ordinance. The

respondent was not the owner of the building, but a tenant of the owner. The evidence shows that the floor of the basement was below the level of the sewers in the adjacent streets. It is not claimed that the concrete floor in the basement was constructed without first having obtained a permit from the city as required by the building ordinance. The ordinance referred to did not forbid the use by a tenant of a basement in which no drain had been constructed. We think the respondent, in storing his property in this basement, was not guilty of negligence.

The judgment will be affirmed.

MORRIS, C. J., HOLCOMB, PARKER, and BAUSMAN, JJ., concur.