[No. 14589. Department Two. August 7, 1918.]

FRANK FLUCKIGER, *Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—ORDINANCES—LIABILITY TO VIOLATORS—NONENFORCEMENT—EFFECT. The nonenforcement by the police of an ordinance against coasting on a street does not make the city liable for personal injuries sustained by one who was violating the ordinance; since administrative officers have no power to modify the legislative acts of the city council.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered July 2, 1917, dismissing an action in tort, upon granting a nonsuit, after a trial on the merits. Affirmed.

*Jay C. Allen,* for appellant.

*Hugh M. Caldwell* and *Frank S. Griffith,* for respondent.

[1]Reported in 174 Pac. 456.

CHADWICK, J.—The appellant was injured in a coast-ing accident in the city of Seattle. Prior to the time of the accident, the city council of the city of Seattle had passed an ordinance which prohibited coasting on any sidewalk or paved street. The ordinance had not been enforced by the police department. Coasting had been indulged in by those so inclined in several parts of the city, and in one or two instances the police depart-ment had detailed men to protect traffic while the sport was going on.

The controlling question is whether a city is liable to answer in damages to one who is injured while do-ing a thing which is prohibited by a city ordinance, al-though tolerated by the police officers of the city. It is the theory of appellant that the ordinance should not be raised as a bar to a recovery; that it has been abro-gated by long disuse and nonobservance, if not by the connivance of the officers whose duty it is to en-force it. He relies upon many cases, including, *Ber-nard v. Benson,* 58 Wash. 191, 108 Pac. 439, 137 Am. St. 1051; *Regan v. School District No. 25,* 44 Wash. 523, 87 Pac. 828; *State ex rel. Smith v. Ross,* 42 Wash. 439, 85 Pac. 29; *State ex rel. Cowles v. Schively,* 63 Wash. 103, 114 Pac. 901; *Spokane & Eastern Trust Co. v. Young,* 19 Wash. 122, 52 Pac. 1010; *Keane v. Brygger,* 3 Wash. 338, 28 Pac. 653; *McSorley v. Hill,* 2 Wash. 638, 27 Pac. 552; *Brown v. United States,* 113 U. S. 568; *Chattanooga Plow Co. v. Hays,* 125 Tenn. 148, 140 S. W. 1068.

These cases hold that a practical construction of a statute by long continued action or nonaction is equiv-alent to positive law, and that the contemporaneous and continued practice of officers whose duty it is to exe-cute or to take special cognizance of the statute is the highest evidence of its meaning and should not be dis-regarded except for cogent reasons.

It was the opinion of the court below—and to that opinion we are inclined—that these cases are not controlling. They affirm a rule of construction resorted to by the courts when called upon to ascertain the meaning of doubtful or ambiguous statutes. The rule there announced has never been allowed to overcome a positive statute fixing in plain and certain terms a right or liability when a subject of litigation, and this is so whether the cause of action sounds in contract or in tort. The mere nonenforcement of an ordinance by the administrative officers of a city will not overcome it or estop the municipality from claiming its benefit when sued by one whose injury is traceable to its nonobservance.

Judge Dillon in his work on Municipal Corporations (5th ed.), § 1627, lays down the rule as follows:

"Unless there be a valid contract creating, or a statute declaring, the liability, a municipal corporation is not bound to secure a perfect execution of its by-laws, relating to its public powers, and it is not responsible civilly for neglect of duty on the part of its officers in respect to their enforcement, although such neglect results in injuries to private persons which would otherwise not have happened."

See, also, *Wheeler v. Plymouth,* 116 Ind. 158, 18 N. E. 532, 9 Am. St. 837; *Hines v. Charlotte,* 72 Mich. 278, 40 N. W. 333, 1 L. R. A. 844; *Faulkner v. Aurora,* 85 Ind. 130, 44 Am. Rep. 1; *Schultz v. Milwaukee,* 49 Wis. 254, 5 N. W. 342, 35 Am. Rep. 779; *Norristown v. Fitzpatrick,* 94 Pa. St. 121, 39 Am. Rep. 771.

That the failure to execute an ordinance on the part of administrative officers will not make the city liable or permit one who has violated the ordinance to take advantage of what may well be called his own wrong, rests in even a deeper principle. The act of a city council in passing an ordinance is an expression of the

corporate power of the city. That duty, so far as the concern of the public goes, is fully performed when the ordinance is passed, and to permit administrative officers whose duty rests in the police power rather than in the legislative power of the city, to nullify an ordinance by ignoring it or failing wilfully to enforce it, would be to deny to the city council the power to legislate. Such a holding would put the power to veto an ordinance which, from the very nature of things, must be accepted as the true expression of the will of the public, in the hands of an agency having no legislative power or responsibility.

This court has heretofore had occasion to meet this question in a case, which, if not on all fours, is like in principle. In *Kitsap County Transportation Co. v. Seattle*, 75 Wash. 673, 135 Pac. 476, Ann. Cas. 1915C 115, the court said:

"But the ordinance imposes a penalty on all who may thus transgress its provisions, and places the duty upon the port warden of enforcing it. If, then, the city is liable in damages, it must be by reason of the negligence of the port warden in failing to enforce the ordinance. The general rule is that a city is not civilly liable for neglect of duty on the part of its officers in respect to the enforcement of ordinances."

And then, after quoting the text of Dillon, the opinion continues:

"In the present case, the negligence, if any, being that of the port warden in failing to exercise proper diligence in the enforcement of the ordinance, would not render the city liable to respond in damages."

Affirmed.

MAIN, C. J., HOLCOMB, MOUNT, and MACKINTOSH, JJ., concur.