[No. 16500. Department Two. September 30, 1921.]

HUB CLOTHING COMPANY, *Appellant*, v. THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS (473, 479)—TORTS—DEFECT IN WATER METER—ACTIONS—INSTRUCTIONS—BURDEN OF PROOF. In an action for damages for injuries resulting from the bursting of a water meter installed by defendant, it was error to refuse a requested instruction that, when plaintiff has shown a situation which could not have taken place except by the operation of abnormal causes, then the onus rests upon the defendant to prove that the injury was caused without his fault.

SAME (479)—ACTIONS—INSTRUCTIONS—DUTY OF INSPECTION. The refusal of the court, in instructing the jury as to the city's duty with respect to the inspection of its water meters, to define "reasonable inspection" as not confined to optical observation but as embracing tests and examinations, constituted error.

SAME . (313)—ORDINANCES—PUBLIC HEALTH—BASEMENT DRAINS —REASONABLENESS—POLICE POWER. The ordinance of the city of Seattle relating to drainage of basements (No. 22,839 as amended by No. 36,792) is a proper exercise of the police power.

SAME (405)—TORTS—LIABILITY TO VIOLATOR OF ORDINANCE—EFFECT OF NONENFORCEMENT. The failure of a city to prosecute one for noncompliance with the terms of an ordinance relating to drainage of basements would not impose liability on the city for injury resulting from its nonenforcement.

[1]Reported in 201 Pac. 6.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 14, 1921, upon the verdict of a jury rendered in favor of the defendants, in an action for damages to property through the bursting of a water meter. Reversed.

*Tucker & Hyland (Ford Q. Elvidge,* of counsel), for appellant.

*Walter F. Meier* and *Edwin C. Ewing,* for respondent.

TOLMAN, J.—Appellant brought this action to recover from the respondent city damages alleged to have been sustained as a result of the bursting of a water meter installed by the city in the basement of the building occupied by it. The case was tried to a jury, which returned a verdict for the defendant, respondent here, and from a judgment on the verdict, the appellant brings the case here for review.

The defense interposed was that the city had exercised due care in the selection and maintenance of the meter, and also that the plaintiff had failed to comply with the city ordinance requiring all drains in basements used for business purposes to be protected by means of a raised strainer not less than one foot in height, so perforated as to admit the full flow of water into the sewer, and forbidding the occupation or use of a basement not so equipped.

Many errors are assigned, but we find it unnecessary to discuss each in detail.

There was evidence before the jury to the effect that the city bought this meter under a guarantee that it would withstand a pressure of three hundred pounds to the square inch. Before its installation it was subjected to a test of 120 pounds only; no other test or inspection being made. After its installation, the city

sent its employees monthly to read the meter and report anything wrong which they might see, such as leaks, breaks, loose nuts, couplings, and the like. Each meter reader was expected to read from three hundred to four hundred fifty meters each day, and it is apparent that there is room for a difference of opinion as to whether this was a sufficient inspection. Moreover, there was evidence introduced to the effect that this particular meter was defective in its construction, and there is ground for argument that the defect might have been discovered by a proper test or a proper inspection. The trial court instructed the jury that the burden of proof was upon the plaintiff to establish the specific negligence charged, but refused to go further and instruct as requested by appellant:

"You are instructed that, as a general proposition, the burden of showing negligence on the part of one occasioning an injury rests in the first instance upon the plaintiff, yet when it has shown a situation which could not have taken place except by the operation of abnormal causes, the onus rests upon the defendant to prove that the injury was caused without his fault."

This instruction should have been given, as it properly defines the rule applicable in such a case, as we have frequently held. *Abrams v. Seattle,* 60 Wash. 356, 111 Pac. 168; *Vittucci Importing Co. v. Seattle,* 72 Wash. 192, 130 Pac. 109; *Briglio v. Holt & Jeffery,* 85 Wash. 155, 147 Pac. 877.

Error is also assigned upon the refusal of the trial court to define what was meant by the use of the words "reasonable inspection" used in instructing the jury as to the duty of the city. Appellant requested that the following be given:

"You are instructed that the word 'inspection' which I have heretofore used, is not confined to optical observation, but is ordinarily understood to embrace

tests and examinations; and it is defined by Webster as follows: 'to look upon, to examine for 'the purpose of determining quality and detecting what is wrong and the like.' ''

This instruction should also have been given in order that the jury might have before it some standard by which to determine whether or not that which the city did amounted, under the circumstances of this case, to the performance of the duty which the law imposed.

The city, by its answer, pleaded its ordinance No. 22,839, as amended by ordinance No. 36,792, relating to the drainage of basements, and alleged that the plaintiff had failed to comply with the provisions of §§ 33 and 33½ thereof, and that the damages suffered by it, if any, were occasioned solely by such failure. The reply to this answer was a general denial only. Appellant now for the first time attacks the amended ordinance upon the theory that it is unconstitutional. Assuming, without deciding, that this question may now be raised, we are of the opinion that this ordinance must be upheld under the authority of *Schlumpf v. Seattle,* 88 Wash. 192, 152 Pac. 673.

Nor can the failure of the city to prosecute appellant for noncompliance with the terms of the ordinance affect the situation. *Fluckiger v. Seattle,* 103 Wash. 330, 174 Pac. 456, L. R. A. 1918F 780.

Because of the errors in refusing the instructions as herein pointed out, the judgment must be reversed and a new trial granted. It is so ordered.

Parker, C. J., Mitchell, and Mackintosh, JJ., concur.