[No. 16840. Department One. April 14, 1922.]

A. J. KOTKINS et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

MUNICIPAL CORPORATIONS (479)—TORTS—DEFECTS IN WATER PIPES —ACTIONS—CONTRIBUTORY NEGLIGENCE. In an action against a city for damages for flooding a basement through the breaking of a water main, the fact that plaintiffs occupied the basement without providing drains as required by an ordinance, would not constitute contributory negligence, precluding a recovery, unless it appears that the want of such drains contributed to the injury.

SAME (479)—ACTIONS—EVIDENCE—ADMISSIBILITY. In an action for damages for flooding a basement, provided with a siphon in place of the drains required by ordinance, it is incompetent to show that an administrative officer issued a license to the plaintiff to use such siphon, in violation of the ordinance, as the defense of contributory negligence might thereby be taken out of the case.

Appeal from a judgment of the superior court for King county, Hall, J., entered June 21, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages to property through the breaking of a water pipe. Reversed.

*Walter F. Meier* and *Edwin C. Ewing*, for appellant.

*Jay C. Allen*, for respondents.

[1]Reported in 206 Pac. 11.

BRIDGES, J.—The plaintiffs, as tenants, occupied, among other portions, the basement of the Hambach building, located on Second avenue south, in the city of Seattle. They instituted this action to recover damages to certain trunks and supplies located in the basement, which damage is alleged to have been done as a result of the bursting of a water pipe, through the negligence of the defendant. Judgment in excess of $5,000 was entered on the verdict in favor of the plaintiffs. The defendant has appealed.

The defendant, after denying its own negligence, plead negligence on the part of the respondents because they occupied the basement in violation of Ordinances numbers 22,839 and 36,792, the latter being an amendment to the former. These ordinances provided that particular kinds of drains described in the ordinances should be installed and maintained in all such basements, and that "it shall be unlawful for any person to build, erect, construct, maintain, own, use, occupy, or be in possession of, any yard, cellar, area, or basement or any portion thereof, not provided with a drain or drains as in this ordinance provided, . . ."

The testimony conclusively shows that the basement was not equipped with drains such as the ordinances provide; but, on the contrary, and instead of such drains, a siphon was installed in a well or sump sunk beneath the basement floor at its lowest point. Respondents' testimony tended to show that the bottom of the basement was lower than the sewer in the immediate vicinity, and that drains established as required by the ordinance would not have carried away an accumulation of water in the basement, and that it was necessary to install the siphon for that purpose, and that the siphon was sufficient under any and all ordinary circumstances to prevent the water accumu-

lating in the basement, and that the failure to comply with the ordinances had nothing to do with the damage. Appellant denied all this except the installation of the siphon. On cross-examination by the respondents of one or two of the appellant's witnesses, the court, over the objections of appellant, permitted such witnesses to testify that the city inspector had full knowledge of the conditions above recited, and supervised the installation of the siphon in question, and that some department of the city issued a permit for the installation and maintenance of such siphon.

The appellant takes the position that the failure to have the drains provided by the ordinances was such negligence as prohibited any recovery by respondents. In other words, it contends that respondents had no right, under the ordinances, to occupy this basement unless and until drains, as provided by the ordinances, were installed, and since they were not installed there can be no recovery. We cannot sustain this contention. If it be assumed that the respondents violated the ordinances in occupying the basement, it would not necessarily follow that they could not recover the damage which they suffered. The violation of the ordinances was negligence, but if that negligence did not contribute to the damage, the respondents might recover. A violation of the ordinance defeats recovery only where such violation contributes to the injury. A railroad company is liable for violation of statutes providing that its trains shall give certain signals on approaching a crossing, only where its failure so to do contributes to the injury. One who is injured while violating a speed ordinance or statute may still recover if he shows that his speed was not the cause of and did not contribute to the injury. This doctrine is too well settled to require citation of authorities. Nor is the

rule different where the defendant is the municipality which enacted the ordinance for its own protection and not that of the traveling public. *City of Nashville v. Black,* 142 Tenn. 397, 219 S. W. 1043, 12 A. L. R. 453; *Baker v. City of Portland,* 58 Me. 199, 4 Am. Dec. 274; *Tackett v. Taylor County,* 123 Iowa 149, 98 N. W. 730; *Newcomb v. Boston Protective Department,* 146 Mass. 596, 16 N. E. 555, 4 Am. St. 354; *Ham v. Los Angeles County,* 189 Pac. 462; *Welch v. Town of Geneva,* 110 Wis. 388, 85 N. W. 970; *Anderson v. Wilmington,* 2 Penn. (Del.) 28, 43 Atl. 841; Abbott's, Municipal Corporations, vol. 3, p. 2281; 22 R. C. L. 206, and a full discussion and citation of authorities will be found in the notes to *City of Nashville v. Black, supra,* as reported in 12 A. L. R. 453.

Practically this same question was involved in the case of *Rainier Heat & Power Co. v. Seattle,* 113 Wash. 95, 193 Pac. 233. The facts in that case were very similar to those here. We said:

"As to appellant being guilty of contributory negligence in that it failed to provide drains as required by city ordinances for the carrying off of water, we think that may become a question for the jury upon a new trial, because it might be that the providing of such drains as the ordinances may have required would have carried off the water coming from the burst main and prevented or lessened the damage which resulted to appellant."

We think the court correctly stated the law in one of its instructions where it said that "the defendant would not be liable for any damages resulting to plaintiffs by reason of the absence of drains as provided by said ordinances. If you find that plaintiffs' property would have been damaged, even though plaintiffs had complied with said sections of the ordinances, then plaintiffs would be entitled to recover for any damages

they sustained which was not the result of the absence of drains as provided by said ordinances.''

It is our view that it was competent for the respondents to introduce any testimony which tended to show that the failure to install the drains in no wise contributed to the injury which they received.

We think, however, the trial court erred in permitting the respondents to show by cross-examination of one of appellant's witnesses, that some administrative department of the city had issued a license or permit for the construction in this basement of a siphon in place of the drains provided by the ordinance. The city council having determined that drains of a certain character should be placed in all basements, no administrative officer of the city could overrule such legislation and permit drains of any other character to be installed. The case of *Fluckiger v. Seattle*, 103 Wash. 330, 174 Pac. 456, L. R. A. 1918F 780, was very similar to this one. Discussing this question, we there said:

''The act of a city council in passing an ordinance is an expression of the corporate power of the city. That duty, so far as the concern of the public goes, is fully performed when the ordinance is passed, and to permit administrative officers whose duty rests in the police power rather than in the legislative power of the city, to nullify an ordinance by ignoring it or failing wilfully to enforce it, would be to deny to the city council the power to legislate. Such a holding would put the power to veto an ordinance which, from the very nature of things, must be accepted as the true expression of the will of the public, in the hands of an agency having no legislative power or responsibility.''

The doctrine of this case is conclusive of the question we are now discussing, and requires us to hold that the testimony of a permit to install the siphon was erroneously received.

Nor can it be said that this testimony was not prejudicial to the appellant. The jury may have concluded that the city had lawfully authorized the installation of the siphon in the place of the drains, and if it did so conclude, then the whole question of contributory negligence for violation of the ordinances would have been out of the case. Respondents cite the case of *Imperial Candy Co. v. Seattle,* 93 Wash. 145, 160 Pac. 303. We there held that where goods located in a basement were injured through the breaking of a water main, contributory negligence could not be attributed to the plaintiff, who was a tenant, from the fact that there was no drain from the basement as required by Ordinance No. 22,839, involved in this action. The ordinances in effect at the time of that decision did not prohibit a tenant from occupying or using a basement which did not comply with the ordinances. Ordinance No. 36,792, providing that it shall be unlawful for any person to occupy any basement which does not comply with the ordinance, was passed subsequently to that decision and evidently to overcome its effect.

Respondents contend, however, that any error committed by the receipt of this testimony was cured, because the court instructed the jury that respondents could not recover if they violated the ordinances and such violation was the proximate cause of the damage. But this instruction was on another branch of the case. It did not pretend to touch the testimony concerning the alleged permit by the city to install the siphon. To clear the record of this error, the court should have told the jury to disregard this permit testimony.

We do not find any merit in the further contention of the appellant that the claim filed by the respondents with the city was not in accordance with the statute and ordinances, because it, in part, fixed the dam-

age as the cost of repair. The claim was properly received by the court.

For the error pointed out, the judgment is reversed and the cause remanded for a new trial.

PARKER, C. J., FULLERTON, TOLMAN, and MITCHELL, JJ., concur.