[No. 16840.  *En Banc.*  February 3, 1923.]

A. J. KOTKINS *et al., Respondents,* v. THE CITY OF SEATTLE, *Appellant.*[1]

MUNICIPAL CORPORATIONS (479)—TORTS—DEFECTS IN WATERMAINS —ACTIONS—EVIDENCE—ADMISSIBILITY. In an action against a city for flooding a basement, upon an issue as to plaintiff's negligence in not providing drains required by ordinance, evidence is admissible that certain officers issued plaintiff a permit authorizing the drains used, under Seattle Ordinance No. 22839, §§ 33, 33½, authorizing the issuance of permits to deviate from the requirements.

Appeal from a judgment of the superior court for King county, Hall, J., entered June 21, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages to property through the breaking of a water pipe. Affirmed.

*Walter F. Meier* and *Edwin C. Ewing,* for appellant. *Jay C. Allen,* for respondents.

ON REHEARING.

BRIDGES, J.—The opinion of Department number one, reported in 119 Wash. 590, 206 Pac. 11, was written

[1]Reported in 212 Pac. 548.

upon the assumption that the ordinances mentioned in that opinion provided that cellars and basements might be drained only by means of certain designated kinds of drains installed in a designated manner. At that time our special attention was called only to § 33 of Ordinance No. 22839, which designates the kind of basement drains which shall be installed and the manner of their installation, and § 33½ of the same ordinance which makes it unlawful to occupy any such basements unless drains as provided in the ordinance shall first have been installed. Considering such to be the terms of the ordinance, we held that the trial court erred in permitting witnesses to testify that certain of the officers of the city of Seattle had issued a permit authorizing basement drains of a kind and character different from those provided in the ordinance, and because of such error the judgment was reversed and the cause remanded for a new trial.

Our attention is now called to other provisions of the ordinance which make it much more liberal in character than a reading of §§ 33 and 33½ would support. A number of such provisions are called to our attention, particularly § 22, which reads as follows:

"Where special fixtures are required, for which there is no provision in this ordinance, or when conditions arise that demand a deviation therefrom, the Inspector may, after an examination of the premises, permit such deviation from the provisions of this ordinance as in his judgment the condition demands, and must in such case issue a special permit in writing therefor, which shall fully describe the deviation permitted, which permit shall be posted on the premises."

This section plainly allows the inspector to permit the installation of basement drainage differing from those provided in § 33, and under this section the testimony which in the department opinion was held inadmissible was properly received.

In all other respects the Department opinion is correct.

The result is that the judgment must be affirmed. It is so ordered.

All concur.