[No. 19599. Department One. April 14, 1926.]

WILLIAM D. PERKINS, *Appellant*, v. CITY OF ELLENS-
BURG, *Respondent*.[1]

[1] MUNICIPAL CORPORATIONS (514)—WARRANTS—LIMITATION OF AC-
TIONS. The right of action upon city warrants payable out of a
special fund, for which no fund had been provided for their
payment, and upon which repeated demands for payment had
been made for more than ten years, is barred by the statute of
limitations.

Appeal from a judgment of the superior court for
Kittitas county, Davidson, J., entered July 22, 1925,
dismissing an action to recover on municipal local im-
provement warrants, upon sustaining a demurrer to
the complaint. Affirmed.

*Charles W. Johnson*, for appellant.

*F. A. Kern*, for respondent.

HOLCOMB, J.—This action was instituted to recover
on ten municipal warrants issued by Ellensburg in
1889 and 1890. A demurrer interposed by respondent
to the amended complaint, based upon all the statu-
tory grounds, was sustained on the fifth ground only,
that the complaint did not state facts sufficient to
constitute a cause of action. The sixth ground was
and is relied upon by respondent, that the action was
not commenced within the time limited by law.

[1]Reported in 244 Pac. 996.

After the demurrer was sustained, appellant refused to plead further, and judgment was accordingly entered dismissing the cause, resulting in this appeal.

Copies of the warrants are set out in the amended complaint. They were of two kinds. One form of warrant, of which there were several, was as follows:

"No. 498.       Ellensburg, Wash. Aug. 12th, 1889.

"To the Treasurer of the City of Ellensburg: Pay to Ben E. Snipes or order, Five Hundred Ten and 20/100 Dollars, out of Special 3d Street Fund.

"W. R. Abrams, Mayor.

"Attest: J. H. Wallace, Clerk.

"$510.20."

The other form, of which there were several, was this:

"No. 598.       Ellensburg, Wash. Nov. 25, 1889.

"To the Treasurer of the City of Ellensburg: Pay to R. Riggs or order, One Hundred Forty-four and 00/100 Dollars, out of Special Sidewalk Fund.

"W. R. Abrams, Mayor.

"Attest: J. R. Wallace, Clerk.

"$144.00."

After the copy of each warrant set out in the complaint, is an allegation that the warrant so copied was presented for payment, and not paid for want of funds, on a certain date, either in 1889 or 1890, the last dates of presentation of two of the warrants being alleged to have been April 19, 1890, and April 28, 1890.

The amended complaint further alleges that the warrants were indorsed in blank; that appellant is the purchaser and holder of the warrants for value; that no part of the warrants has been paid except as shown by credit upon each of several of the warrants set out; that the warrants had not been called for payment; that no funds had been provided for their payment, although the city has had ample time so to do; that

demand had been made upon the city on or about November 1, 1924, for the payment of the warrants, and that the city then, and at all times since, has failed, refused and neglected to provide any funds for the payment of the warrants.

Appellant therefore demands judgment against respondent in the full and just sum of $2,288.50, less the credits shown on some warrants, with interest at the rate of ten per cent per annum from the dates of presentation of warrants for payment, and that respondent, its officers and agents be required forthwith to provide a fund for the payment of the warrants by the levy and collection of taxes therefor, or to provide such fund in such manner as respondent might find convenient, legal and proper, and for such other and further relief as might seem just and proper.

Appellant earnestly contends that the complaint stated a cause of action, and that it was not barred by the statute of limitations.

The trial court, in the decision rendered by it, held that the complaint did not state a cause of action, referring particularly to our cases of *German-American Savings Bank v. Spokane,* 17 Wash. 315, 49 Pac. 542, 38 L. R. A. 259, and *State ex rel. First National Bank v. Hastings,* 120 Wash. 283, 307 Pac. 23.

Respondent relies upon those cases and others by this court to sustain the decision of the trial court on the demurrer, and also upon the case of *Matapan National Bank v. Seattle,* 115 Wash. 596, 197 Pac. 789.

Appellant asserts that respondent had authority to create a general obligation as it did, to pay for the improvement and the sidewalk, and that the recital in the warrants sued on that the warrant was issued to be paid out of either the Special Sidewalk Fund or the Special Third Street Fund is mere surplusage, not

affecting the character of the warrant as a general fund warrant; and that the action is not barred by the statute of limitations because the cause of action did not accrue until the funds were available; citing McQuillin, Municipal Corporations, § 2260, p. 4778, and our case of *Potter v. New Whatcom,* 20 Wash. 589, 56 Pac. 394, 72 Am. St. 135.

[1] Our case above cited, held that the statute of limitations does not begin to run against a city warrant until there is money in the treasury applicable to its payment, and until the holder of the warrant had such notice as would enable him to present it to the treasurer for payment.

The decision in that case does not fit this case, for in this case it is specifically alleged as to each and every warrant included in the complaint that it was presented for payment in 1889 or 1890, and payment refused for want of funds. The statute then began to run, and it was necessary for the holder of the warrants, at some time within the statutes of limitation affecting them, to begin an action against the city or its officers to compel the levying of a tax to provide the funds.

However, appellant insists that these were general obligation warrants; and accordingly cannot rely upon the statement in McQuillin, on Municipal Corporations, p. 4778, as follows:

"So limitations do not commence to run against warrants payable out of a special fund to be created, until such fund has in fact been created, and there is sufficient money in the fund with which to pay the warrants."

[2] These warrants were issued thirty-six years ago. The case is therefore governed by our case of *Matapan National Bank v. Seattle, supra,* where we said:

"Since some twenty-eight years elapsed between the time of the issuance of the warrant and the time the action was commenced, and since the longest period of time allowed by statute for the commencement of any action is ten years, it is plain that the action is barred, unless some cause has intervened which tolls the statute."

Since there is no allegation in the complaint of anything tending to toll the statute for any period, under the above authority, this action is clearly barred.

Regardless of whether the complaint stated a cause of action otherwise or not, the action being barred by the statute of limitations, its dismissal by the trial court was correct.

Affirmed.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and MAIN, JJ., concur.