[No. 20412.   Department One.   April 21, 1927.]

WM. P. HARPER & SON, *Respondent,* v. PACIFIC POWER & LIGHT COMPANY, *Appellant.*[1]

[1] BILLS AND NOTES (35)—NEGOTIABILITY—NATURE AND FORM OF INSTRUMENT—ORDERS ISSUED BY MUNICIPALITIES.  A warrant of an irrigation district, in ordinary form, presented and marked not paid for want of funds, and drawing interest until paid, is not a negotiable instrument, under Rem. Comp. Stat., § 3392, requiring that an instrument, to be negotiable, must be payable at a fixed or determinable future time.

[2] SAME (34).  Such a warrant is not negotiable as being "payable on demand," within Rem. Comp. Stat., § 3392, in view of Id., § 3398, providing that an instrument is payable on demand when it is expressed to be payable on demand, or at sight or presentation, or when no time for payment is expressed; since under Id., § 4118, the warrant does not mature until called.

Appeal from a judgment of the superior court for Yakima county, Smith, J., entered June 7, 1926, upon findings in favor of the plaintiff, in an action on a county warrant. Reversed.

¹Reported in 255 Pac. 949.

*John A. Laing, Henry S. Gray, Rigg & Venables,* and *Nat. U. Brown,* for appellant.

*Shorts & Denney* and *Grady & Velikanje,* for respondent.

MITCHELL, J.—This action was brought by Wm. P. Harper & Son, a corporation, against the Pacific Power & Light Company, a corporation, to recover judgment on the endorsement upon a written instrument, the instrument being as follows:

"Franklin County Irrigation District
                    No. 1.                        No. 1292
            Franklin County, Washington
                        Pasco, Wash., Sep. 18, 1922
To The Treasurer of Franklin County
Pay To Pacific Power & Light Co.
Or Order ........................... ⌠Amt.  $500.00
The Sum $500 & 00 Cts.........Dollars⟨Int.   $......
From any Moneys in the Mainte-      ⌊Total $......
nance Fund Belonging to Franklin
County Irrigation District No. 1,
Presented and Registered.
Not Paid for Want of Funds
    Sep. 18, 1922.
        Ed. Sheffield,              W. R. Cox,
            County Treasurer.        Auditor of Franklin
This warrant draws 8 per            County, Washington.
cent interest per annum             Grace Welsh Beck
from date registered until              Deputy.
paid."

The defendant denied liability. The findings of the trial court were, in substance, that the warrant was issued by the irrigation district on September 18, 1922, to the defendant and on the same day presented by it to the treasurer of the county for payment; that payment was refused for the want of funds and thereupon the treasurer registered the warrant as provided by law and as shown on the face of the instrument; that

thereafter the defendant endorsed the warrant on the back thereof, in blank, and sold and delivered it to the plaintiff for a valuable consideration and that the plaintiff is the owner and holder of it; that at no time after the warrant was issued down to the commencement of the action did the treasurer have in his hands sufficient funds belonging to the district to pay the warrant; that on May 27, 1925, plaintiff demanded of the treasurer payment of the warrant which was refused and on July 23 of the same year plaintiff again demanded payment of the treasurer which was refused and that at that time it was protested and notice of protest, nonpayment and dishonor was duly made and given to the defendant as endorser on the warrant; and that the warrant has not been paid. Conclusions and judgment were entered for the plaintiff from which judgment the defendant has prosecuted this appeal.

The title of the respondent to the warrant or its right to finally collect from the district is not involved in the case; but the controlling question is whether the instrument is a negotiable one under the terms of the negotiable instruments law enacted by the legislature of this state so as to hold the appellant liable upon its endorsement in blank and its sale and delivery of the warrant, as such liability is defined in the negotiable instruments law.

[1]   Section 1 of the act (Laws of 1899, p. 340; Rem. Comp. Stat., § 3392) [P. C. § 4072], says:

"An instrument to be negotiable must conform to the following requirements:

"1.   It must be in writing and signed by the maker or drawer;

"2.   Must contain an unconditional promise or order to pay a sum certain in money;

"3. Must be payable on demand, or at a fixed or determinable future time;

"4.   Must be payable to order or to bearer; and

"5.   Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

If the warrant is lacking in either of these respects, it is not a negotiable instrument under the statutory law. It may be granted that it conforms to all the requirements of the section other than subdivision 3. The first clause of the subdivision—"must be payable on demand"—we shall consider more particularly later on. Considering now the latter clause of the subdivision, that it must be payable "at a fixed or determinable future time" the instrument does not measure up to that test. It has been the constant and common practice in this state to anticipate funds of municipal corporations by drawing orders against them in advance of collections. Of course the treasurer must pay all orders when presented, if there be money in his hands for that purpose, but "if there be no funds to pay such order when presented, he shall endorse thereon, 'Not paid for want of funds,' and the date of such endorsement, over his signature, which shall entitle such order thenceforth to draw legal interest." Rem. Comp. Stat., § 4114 [P. C. § 1825]. Because such is the law, the situation is as though that provision of the statute had been written into the contract or the warrant. *State ex rel. Polson v. Hardcastle,* 68 Wash. 548, 124 Pac. 110; *Spokane & Eastern Trust Co. v. Young,* 19 Wash. 122, 52 Pac. 1010; *State ex rel. Theis v. Bowen,* 11 Wash. 432, 39 Pac. 648.

The requirement that it must be payable at a fixed or determinable future time is lacking. It does not meet the definition given in the statute, Rem. Comp. Stat., § 3395 [P. C. § 4075], defining "determinable future time." That section provides:

"An instrument is payable at a determinable future time, within the meaning of this act, which is expressed to be payable—"

in either of three ways, viz:

"1.    At a fixed period after date or sight."

This warrant does not express as a date of payment any fixed period after date or sight.

"2.    On or before a fixed or determinable future time specified therein."

The warrant is wholly silent as to any future time specified therein on or before which payment shall be made.

"3.    On or at a fixed period after the occurrence of a specified event, which is certain to happen, though the time of happening be uncertain."

The same reasoning applies, the warrant does not express or mention any specified event which is certain to happen, the occurrence of which constitutes a basis for payment on or at fixed period thereafter.

[2]    But it is argued on behalf of the respondent that the statutory definition of "payable on demand" found in Rem. Comp. Stat., § 3398 [P. C. § 4078], brings the instrument within the first clause of subdivision 3 of Rem. Comp. Stat., § 3392, *supra,* of the code already adverted to.    Section 3398 says: "An instrument is payable on demand," upon either of two conditions:

"1.    Where it is expressed to be payable on demand, or at sight, or on presentation."

There is no such expression in the warrant.

"2.    In which no time for payment is expressed."

The warrant in question is not so conditioned.    That language of the statute means, of course, an instrument upon which an action may be commenced at once. It is the equivalent of a note payable on demand though such expressed word may not be in it.    As said

in a similar situation in the case of *Riddle v. Bank of Montreal,* 145 App. Div. 207, 130 N. Y. Supp. 15:

"It is not alleged in the complaint that there was a specific date of payment, and therefore it must be assumed it was payable on demand. It was drawn on a New York bank. It was not paid when presented. When payment was refused, a cause of action arose in the state of New York in favor of the Bank of Montreal against the drawer, the United States Banking Company. *Hibernia National Bank v. Lacombe,* 84 N. Y. 367, 38 Am. Rep. 518; *Amsinck v. Rogers,* 189 N. Y. 252, 82 N. E. 134, 12 L. R. A. (N. S.) 875, 121 Am. St. Rep. 858; *Bank of Montreal v. United States Banking Co.,* 139 App. Div. 906, 123 N. Y. Supp. 1105."

But such is not the present case. Under the rule of incorporating into the contract by operation of law the provisions of the law with reference to anticipating collections and issuing warrants thereon, and the law with reference to the presentation of warrants and endorsement thereon "Not paid for want of funds" where funds are not presently available, an action would not lie to enforce collection at the hands of the holder of the warrant, either before or immediately upon the endorsement in blank and delivery by the drawee or payee, against the district or the county treasurer.

Section 4114, Rem. Comp. Stat., already referred to, further provides that interest on outstanding warrants shall cease after the treasurer's published call for warrants, and § 4118 of the code provides for the publication of such call when a certain amount of money is in the hands of the treasurer.

"The maturity of the warrant, by analogy with a note, is the time when the treasurer gives notice of his readiness to pay it, and stops the interest." *Union Savings Bank & Trust Co. v. Gelbach,* 8 Wash. 497, 36 Pac. 467, 24 L. R. A. 359. The holder's right of action on it commences at that time. *Eidemiller v.*

*Tacoma,* 14 Wash. 376, 44 Pac. 877; *Potter v. New Whatcom,* 20 Wash. 589, 56 Pac. 394, 72 Am. St. 135; *State ex rel. Wehe v. Pasco Reclamation Co.,* 90 Wash. 606, 156 Pac. 834. The warrant in this case does not come within the negotiable instruments law, nor is the appellant liable as an endorser thereon under the terms of that law.

Not at all inconsistent with this view, it is worthy of notice that, at the date of the delivery of the warrant to the respondent by the appellant, it showed upon its face by the treasurer's endorsement "Not paid for want of funds" that it was not payable on demand or its equivalent, but only at some future uncertain date and without any present right of action on it by the holder.

Respondent relies largely upon the cases of *Manker v. American Savings Bank & Trust Co.,* 131 Wash. 430, 230 Pac. 406, and *Bank of California v. National City Co.,* 138 Wash. 517, 244 Pac. 690; same case *En Banc,* 141 Wash. 243, 251 Pac. 561. The *Manker* case, *supra,* discusses the question of the rights of a *bona fide* purchaser of stolen municipal local improvement bonds, and while the opinion does not mention it, the fact is that the bonds in that case, and of which we were speaking, had a maturity date, "on or before the 9th day of July, 1929," expressed on their faces and the same was true of the coupons attached thereto for each annual installment of interest. It was held that the bonds were non-negotiable because payable out of a special fund and *"not otherwise",* that is, that the holders or owners should look *"only to said fund"* for payment.

The *Bank of .California* case, *supra,* was a case of the rights of a *bona fide* purchaser for value before maturity of bonds, issued by a private corporation,

having taken them by mesne transfers upon a former transfer by one who had obtained them by robbery. The claim of the *bona fide* purchaser was upheld because they were negotiable instruments. But the opinion in the case as reported in 138 Wash. 517, 244 Pac. 690, shows that the bonds were issued by the Pacific Gas & Electric Company under date of December 1, 1922, and that they matured "December 1, 1952." That is, by the terms of the bonds, a fixed and certain due date was expressed. Such cases furnish no light in this one. In each of those cases the instrument expressed a fixed date of payment, the lack of which in the warrant here is fatal to its value under the negotiable instruments law of this state.

A great many other cases from this and other states are referred to by counsel on both sides in their arguments. We think they need not be discussed. We find in them nothing in conflict with the conclusion we reach in this case.

Reversed, with directions to the superior court to enter a judgment dismissing the action.

MACKINTOSH, C. J., MAIN, FRENCH, and FULLERTON, JJ., concur.