[No. 27427.  *En Banc.*  July 7, 1939.]

GEORGE T. BALE *et al., Appellants,* v. EARL FLOYD, *as County Treasurer, et al., Respondents.*[1]

*W. E. Heidinger,* for appellants.

*Welsh & Welsh, J. Burke Welsh, Fred M. Bond,* and *John P. O'Connor,* for respondents.

[1]Reported in 91 P. (2d) 1025.

SIMPSON, J.—Plaintiffs instituted this action to remove a cloud from the title of their land included in a diking district which had issued warrants to various individuals.

The following facts were stipulated to by the parties litigant: Plaintiffs owned real property within diking district No. 5 in Pacific county; that diking district No. 5 was formed in the year 1920, but never constructed or caused to be constructed any dikes or other works or improvements; that no tax was ever levied by the district; and that there was not and never had been any money or funds in the treasury thereof.

It was further stipulated that, between October 19, 1920, and February 25, 1926, the commissioners of the district issued forty-six warrants, payable on demand, numbered consecutively from one to forty-six, for the aggregate amount of $2,694.35; that the warrants were owned by the defendants and were presented for payment prior to March 1, 1926, and payment was not made because of the lack of funds; and that no action was ever begun by any of the holders against the diking district or its officers to compel the levying of a tax to provide the funds for the payment of the warrants.

The court found in favor of defendants, and entered judgment dismissing plaintiffs' action.

Plaintiffs present this appeal, and contend that the court erred in denying them relief and in dismissing their complaint, and in holding that the complaint does not state facts sufficient to constitute a cause of action.

The one question presented is whether the holders of the warrants are precluded from maintaining any action to recover thereon by virtue of the running of the statute of limitations.

Appellants contend that the statute of limitations began to run not later than March 1, 1926; that it was necessary for the holders of the warrants, at some time

within the statutory period of limitations, to begin an action against the district or its officers to compel the levying of a tax to provide the funds; and that, not having brought the action, no action could be instituted by the warrant holders to recover on their warrants.

A diking district is a separate and distinct corporation and conducts its business free from the control of county authorities. *Whitten v. Silverman,* 105 Wash. 238, 177 Pac. 737; *Columbia River Timber & Logging Co. v. Commissioners of Diking District,* 108 Wash. 148, 183 Pac. 134.

The warrants were issued by the diking district upon the authority of Rem. Rev. Stat., § 4277 [P. C. § 1946-42], which reads as follows:

"The board of commissioners of such district shall elect one of their number chairman and one secretary, and shall keep minutes of all their meetings, and may issue warrants of such district in payment of all claims of indebtedness against such district. Such warrants shall be in form and substance the same as county warrants, or as near the same as may be practicable and shall draw the legal rate of interest from the date of their presentation to the treasurer for payment, as hereinafter provided, and shall be signed by the chairman and attested by the secretary of said board. . . ."

The warrants were made payable "out of any money in the treasury belonging to the dyke fund."

In order to ascertain when the statute of limitations begins to run, it is necessary to determine at what time the owners of the warrants could maintain an action to collect the amount due thereon. It does not begin to run until a cause of action arises.

Relative to the time when an action accrues and the statute of limitations commences to run, we stated as

follows in *Howard v. Equitable Life Assurance Society,* 197 Wash. 230, 85 P. (2d) 253:

"A cause of action accrues when it becomes a present enforceable demand, when the party owning it is entitled to begin and prosecute an action thereon. It accrues at the moment he has a legal right to maintain an action to enforce it, and the statute of limitations is then set in motion."

The courts are practically unanimous in holding that the statute of limitations does not begin to run against the holder of a municipal warrant until the cause of action accrues, and the cause of action does not accrue until the treasurer has given notice of his readiness to pay the warrants, or the holders had such notice as would enable them to present the warrants to the treasurer for payment, and there has been money in the fund with which to pay them.

A great many cases and authorities could be assembled to substantiate the rule. The following cases, a number of which cite *Potter v. New Whatcom,* 20 Wash. 589, 56 Pac. 394, 72 Am. St. 135, with approval, are typical: *Eidemiller v. Tacoma,* 14 Wash. 376, 44 Pac. 877; *Potter v. New Whatcom, supra; New York Security & Trust Co. v. Tacoma,* 30 Wash. 661, 71 Pac. 194; *Harper & Son v. Pacific Power & Light Co.,* 143 Wash. 456, 255 Pac. 949; *Barnes v. Turner,* 14 Okla. 284, 78 Pac. 108, 2 Am. & Eng. Ann. Cas. 391, 10 L. R. A. (N. S.) 478; *State ex rel. Clark v. Bailey,* 99 Mont. 484, 44 P. (2d) 740; *State ex rel. De Kalb v. Ferrell,* 105 Mont. 218, 70 P. (2d) 290; *Blackford v. Libby,* 103 Mont. 272, 62 P. (2d) 216, 107 A. L. R. 1348; *Olinda Irrigated Lands Co. v. Yank,* 27 Cal. App. (2d) 56, 80 P. (2d) 170; 6 McQuillin, Municipal Corporations (2d ed.), § 2419; 2 Dillon, Municipal Corporations (5th ed.), § 865, 1311, *et seq.;* 19 R. C. L. 1038, § 327; 44 C. J. 1469, § 4677.

In the case of *Harper & Son v. Pacific Power & Light Co., supra,* this court stated:

"It has been the constant and common practice in this state to anticipate funds of municipal corporations by drawing orders against them in advance of collections. Of course the treasurer must pay all orders when presented, if there be money in his hands for that purpose, but 'if there be no funds to pay such order when presented, he shall endorse thereon, "Not paid for want of funds," and the date of such endorsement, over his signature, which shall entitle such order thenceforth to draw legal interest.' . . .

"Under the rule of incorporating into the contract by operation of law the provisions of the law with reference to anticipating collections and issuing warrants thereon, and the law with reference to the presentation of warrants and endorsement thereon 'Not paid for want of funds' where funds are not presently available, an action would not lie to enforce collection at the hands of the holder of the warrant, either before or immediately upon the endorsement in blank and delivery by the drawee or payee, against the district or the county treasurer. . . .

"Not at all inconsistent with this view, it is worthy of notice that, at the date of the delivery of the warrant to the respondent by the appellant, it showed upon its face by the treasurer's endorsement 'Not paid for want of funds' that it was not payable on demand or its equivalent, but only at some future uncertain date and without any present right of action on it by the holder."

Appellants urge that the holders of the warrants should have brought an action to compel a levy of taxes to pay the warrants at some time after they were presented and within the limits of the time fixed by the statute of limitations; and, not having done so, any recovery by the holders of the warrants is barred.

The answer to this contention is well stated in *Morton v. Knox County,* 65 Fed. 369, in the following language:

"When warrants should be presented for payment, and the treasury be barren of money with which to make the payment, it would be a manifest injustice, the debt in no wise being disputed, to require the owner of the warrant, in order to maintain its life, to bring suit against the county, and thus not only perplex him, and dishonor the credit of the county, but also to involve it in needless expense and litigation."

In the case of *State ex rel. Clark v. Bailey, supra,* which involved special improvement district bonds, the court stated:

"The city treasurer is the custodian of all city funds, including those in special improvements districts, and he is charged by the statutes with the duty of calling such warrants (or bonds) as those involved here when funds are available. When the date of payment is uncertain and dependent on the call of the city treasurer, the statute of limitation does not begin to run until the 'call of the treasurer, or until the holder had an immediate cause of action.'"

The warrant holder is not under a duty to present the warrant for payment until funds are available for the payment of the warrant and he has knowledge of that fact. The statute of limitations does not begin to run until funds are present to pay the warrants and the warrant holder knows of the same.

Assuming the right on the part of the holders of warrants to compel a levy by the diking commissioners to pay the obligation, it is not a command of law of which the corporation may avail itself. The mere fact that warrant holders may resort to a proceeding by mandamus does not preclude their right of action at law to collect upon the warrants when funds become available.

The warrants are evidence of indebtedness approved by the district, and it is the corporation's duty to pay those debts and not to compel creditors to consume

time and incur expense in order to compel the performance of the duty imposed upon the officials.

Appellants earnestly contend, and with much reason, that *Perkins v. Ellensburg,* 138 Wash. 641, 244 Pac. 996, is controlling in the instant case. However, after careful consideration, we find its holding and the decision on which it is rested, namely, *Matapan Nat. Bank v. Seattle,* 115 Wash. 596, 197 Pac. 789, are contrary to the great weight of authority and the better reasoned cases, and a number of the decisions of this court. We therefore overrule *Perkins v. Ellensburg, supra,* and *Matapan Nat. Bank v. Seattle, supra,* in so far as they are inconsistent with this opinion.

It is our conclusion that the statute of limitations has not run against the warrants issued by the diking district, and that they are valid claims and obligations of the corporation.

The judgment is affirmed.

BLAKE, C. J., MAIN, MILLARD, STEINERT, ROBINSON, and JEFFERS, JJ., concur.

GERAGHTY and BEALS, JJ., concur in the result.